OPINION HEADING PER CUR 
















NO. 12-05-00337-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

TOMMY
BENNETT AND 

THERESA
DAVIS,                                                   §          APPEAL FROM THE 402ND

APPELLANTS

 

V.                                                                                §          JUDICIAL DISTRICT COURT OF

 

WOOD COUNTY,

APPELLEE                                                               §          WOOD COUNTY, TEXAS

 

 



OPINION

            This is a restricted appeal of a default judgment
rendered against Tommy Bennett and Theresa Davis (collectively “Bennett and
Davis”) in a suit by Wood
 County to recover
delinquent taxes.  In their first issue,
Bennett and Davis contend that the default judgment should be reversed because
there is a material variance between the property descriptions in the original
and amended petitions.  In their second
issue, they contend that they were not served with Wood County’s
amended petition.  We reverse the default
judgment and remand the case for a new trial.

 

Background

            Wood
 County instituted suit to
collect delinquent taxes, penalties, and interest from Bennett and Davis, Onie
Pearl Johnson, Dorothy Johnson Bennett McAree, Mary Bennett, Greta Bennett
Green, David Bennett, and the unknown owners of a described 11.242 acre tract.  The original petition asked for judgment for
$5,491.89, which was the total amount due at the filing of the petition, all
taxes becoming delinquent thereafter up to the date of judgment, penalties,
interest, costs, attorney’s fees, and foreclosure of the tax lien against the
11.242 acre tract.  Bennett and Davis
were personally served with citation, but did not answer.  








            Over a year later, Wood County amended its petition
correcting the property description of the 11.242 acres (tract 1), added a
mobile home description as tract 2, and alleged delinquent taxes due on the
mobile home in the amount of $1,634.10. 
Bennett and Davis were not served with the amended petition, and they
did not receive notice of the hearing or appear in the case.  The trial court rendered default judgment for
the taxes, penalties, and interest owing on both tracts.

 

Discussion

            In their second issue, Bennett and Davis assert that they
were not served with Wood
 County’s amended petition
in the underlying suit, which sought a more onerous judgment than that prayed
for in its original petition.  Therefore,
they conclude, the trial court erred in granting a default judgment against
them.  This is a restricted appeal.  A restricted appeal is a direct attack on the
trial court’s judgment.  See
General Elec. Co. v. Falcon Ridge Apartments Joint Venture, 811 S.W.2d
942, 943 (Tex. 1991) (applying former Texas Rule of Appellate Procedure 45
pertaining to writ of error procedure, replaced by restricted appeal).  To prevail in a restricted appeal, an
appellant must establish that (1) he filed the notice of appeal within six
months after the judgment was signed, (2) he was a party to the underlying
suit, (3) he did not participate in the hearing that resulted in the judgment
complained of, and (4) the error complained of is apparent on the face of the
record.  Id.; see also Tex. R. App. P. 26.1(c), 30.  

            An amended pleading supplants earlier pleadings, and the
supplanted pleading is no longer part of the pleading in the cause.  See Tex.
R. Civ. P. 65; United Oil & Minerals, Inc. v. Costilla Energy,
Inc., 1 S.W.3d 840, 843 (Tex. App.–Corpus Christi 1999, pet. dism’d).[1]  As a general rule, if a defendant does not
answer, it admits all material facts properly alleged in its opponent’s
petition.  But a defendant’s failure to
answer admits liability only when the live pleadings have been properly
served.  Caprock Constr. Co. v.
Guaranteed Floorcovering, Inc., 950 S.W.2d 203, 204 (Tex. App.–Dallas
1997, no writ).

            A new citation is necessary for a party who has not
appeared when the plaintiff, by amended petition, seeks a more onerous judgment
than that prayed for in the original pleading. 
Weaver v. Hartford
Accident & Indem. Co., 570 S.W.2d 367, 370 (Tex. 1978). 
“More onerous” is anything that exposes the defendant to additional
liability.  See Caprock,
950 S.W.2d at 205.  Wood County
concedes that the inclusion of tract 2 in the amended petition gave rise to a
more onerous judgment than that sought in the original petition.  Wood
 County contends, however,
that the amount awarded in the judgment referable to the 11.242 acres (tract 1)
was no more than that prayed for in the original petition, which asked for
judgment for taxes becoming delinquent up to the date of judgment.  Wood
 County therefore contends
that we should affirm the judgment for the amount of delinquent taxes  attributable to tract 1.

            The identical argument was rejected in Harris v.
Shoults, 877 S.W.2d 854 (Tex. App.–Fort Worth 1994, no writ).  In Harris, as in this case, the
defendant was served with the original petition asking only property damages,
and he did not answer.  Later, the
plaintiff amended its petition asking the same amount of property damages, but
also seeking damages for personal injury. 
The trial court awarded default judgment for personal as well as
property damages.  The plaintiff conceded
that the trial court erred in awarding personal injury damages, but contended “no
error occurred in awarding property damages, because Harris was apprised of the
property damage claim and admitted liability by not answering the original
petition.”  Id. at 855.  The court of appeals disagreed reasoning that
the original petition served on Harris and that Harris failed to answer was
supplanted by the amended petition.  When
Shoults amended his original petition and proceeded to summary judgment on his
amended petition, he had abandoned all prior claims under the original
petition.  Id. (citing Tex. R. Civ. P. 65; Radelow-Gittens
v. Pamex Foods, 735 S.W.2d 558, 559 (Tex. App.–Dallas 1987, writ ref’d
n.r.e.)).  Therefore, Harris had no
exposure to liability for the claims made in the original petition.  Id.  The court of appeals reversed the default
judgment and remanded the case for a new trial. 
Id.








            Wood
 County’s failure in this
case to serve Bennett and Davis with the amended petition is apparent on the
face of the record.  It is also
undisputed that the amended petition asks for a more onerous judgment than the
original petition.  When an amended petition
is filed, it supplants all former petitions, which are no longer regarded as
part of the pleadings.  CIGNA Ins.
Co. v. TPG Store, Inc., 894 S.W.2d 431, 434 (Tex. App.–Austin 1995, no
writ).  Wood County
did not serve Bennett and Davis with the live pleadings, and Bennett and Davis
did not appear.  The trial court erred in
rendering default judgment against them. 
Appellants’ second issue is sustained.

Conclusion

            We do not address Bennett and Davis’s first issue since the issue is not
likely to arise on retrial.  The judgment
is reversed and the cause remanded for a new trial.

                                                                                                     BILL BASS    

                                                                                                            Justice

 

Opinion
delivered July 12, 2006.

Panel
consisted of Worthen, C.J., Griffith,
J. and Bass, Retired Justice, Twelfth
 Court of Appeals, Tyler
,
sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] For
other examples of the impotence of superseded pleadings, see Webb
v. Jorns, 488 S.W.2d 407, 409 (Tex. 1972) (An amended petition omitting
an individual as a party defendant has the effect of dismissing the party from
the suit.); Elliott v. Methodist Hospital, 54 S.W.3d 789, 793
(Tex. App.–Houston [1st Dist.] 2001, pet. denied) (The amended petition becomes
the controlling petition in the case regarding theories of recovery.); Gage
v. Langford, 615 S.W.2d 934, 940 (Tex. Civ. App.–Eastland 1981, writ
ref’d n.r.e.) (A cause of action included in an original or previous petition
but omitted from the amended petition is no longer before the court.).