Emerson **HARRIS**, Appellant,

v.

**David T. SHOULTS and State Farm Mutual Automobile Insurance Company, Appellees.**

**No. 2–93–270–CV.**

Court of Appeals of Texas, Fort Worth.

June 8, 1994.

Rehearing Denied July 12, 1994.

McDonald Sanders, and William L. Latham and David W. Kirkman, Fort Worth, for appellant.

McLean & Sanders, P.C. and Daniel A. Foster, Fort Worth, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

FARRIS, Justice.

By writ of error, Emerson Harris appeals a default judgment against him in a suit by David T. Shoults and State Farm Mutual Automobile Insurance Company (collectively "State Farm") to recover damages from a vehicle accident allegedly caused by Harris. By four points of error, Harris challenges the judgment. Because State Farm did not serve the amended petition on Harris, we sustain point of error one, set aside the default judgment, and remand the case for a new trial. We do not address points of error two through four because they do not afford Harris additional relief and do not affect the disposition of this case on remand.

In its original petition, State Farm claimed property damages of $5,443.19 and sought post-judgment and pre-judgment interest and costs. State Farm served this petition on Harris. Harris did not answer.

A month after serving the original petition, State Farm amended the petition seeking damages of an unspecified amount and the trial court held the default judgment hearing. Harris was not served with the amended petition, did not receive notice of the hearing, and did not appear in the case.

At the hearing, Shoults claimed he had suffered personal injuries because of the accident. In entering default judgment, the trial court awarded personal injury damages of $35,000 and property damages of $5,443.19.

In point of error one, Harris attacks the default judgment because he was never served with the amended petition. State Farm concedes the trial court erred in awarding personal injury damages, but contends no error occurred in awarding property damages because Harris was apprised of the property damages claim and admitted liability by not answering the original petition.

In all the cases cited by State Farm to support this contention, the defendant was properly served with the live pleadings. After reviewing the case law, we find failure to answer only admits liability when the live pleadings were properly served. *See, e.g., Castanon v. Monsevais,* 703 S.W.2d 295, 299 (Tex.App.—San Antonio 1985, no writ).

Here, when the trial court entered its judgment, the live pleading was the amended petition. The original petition that was served on Harris and that Harris failed to answer, was superseded by the amended petition and could no longer be regarded as exposing Harris to liability under the claims of that petition. TEX.R.CIV.P. 65; *also see Radelow–Gittens v. Pamex Foods,* 735 S.W.2d 558, 559 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Therefore, Harris no longer admitted liability nor the amount of property damages when the judgment was entered. Since State Farm did not serve Harris with the amended petition (the live pleading), Harris did not admit anything by failing to answer. Point of error one is sustained, the judgment is reversed, and the case is remanded for a new trial.