**CAPROCK CONSTRUCTION COMPANY, Appellant,**

v.

**GUARANTEED FLOORCOVERING, INC., and Bruce Moreland, Appellees.**

No. 05–95–00803–CV.

Court of Appeals of Texas, Dallas.

July 29, 1997.

Mark M. Donheiser, Munsch, Hardt, Kopf, Harr & Dinan, P.C., D. Randall Montgomery, Alan Brandt Daughtry, James K. Peden, III, Strasburger & Price, LLP, Dallas, for appellant.

Marc H. Richman, Alicia G. Curran, Law Offices of Marc H. Richman, Dallas, for appellees.

Before THOMAS, C.J., and HANKINSON and BRIDGES, JJ.

**OPINION**

HANKINSON, Justice.

In this appeal by writ of error, we must decide whether a trial court can enter a proper no-answer default judgment when the defendant has not been served with the live pleading, but instead has been served with a superseded pleading. Because we hold that, under these circumstances, a defendant who fails to answer does not admit liability to the live pleading, we reverse the default judgment in this case and remand to the trial

court for proceedings consistent with this opinion.

The City of Dallas contracted with appellant Caprock Construction Company and Prather Construction Company to build a concrete ramp to give city workers access to land behind appellee Guaranteed Floorcovering, Inc.'s property. After Caprock and Prather completed the ramp, Guaranteed complained that the City's contractors failed to "excavate" and "shore up" the landfill properly at the corner of the parking lot, resulting in damage to the parking lot and building.

On July 30, 1992, Guaranteed filed suit against Caprock, the City, and Prather for damages to its property and building. On September 23, 1992, the district clerk issued citation on the original petition. The citation recites that a copy of the petition "accompanies" it. Before Caprock was served with this citation, Guaranteed filed, on November 6, 1992, its first amended original petition. The amended petition added no new causes of action, but did add appellee Bruce Moreland, Guaranteed's president, as a plaintiff. The district clerk did not issue a new citation on the amended petition.

More than three months later, on February 26, 1993, a return of service (attached to the September 23, 1992 citation) was filed with the district clerk showing service on Caprock on February 23, 1993. Caprock did not answer. The trial court later signed an interlocutory default judgment against Caprock. The default judgment awarded Guaranteed and Moreland $100,000 for property and building damage, plus attorney's fees and pre- and post-judgment interest. At the time the trial court signed the default judgment, Guaranteed had nonsuited its claims against Prather. After the default judgment, both Guaranteed and Moreland nonsuited their claims against the City.

Within six months after the trial court signed the order nonsuiting the City, Caprock filed a petition for writ of error as well as an appeal bond. But at the time Caprock filed the petition, the judgment was not final because Moreland's claims against Prather remained pending. Consequently, we notified the parties by letter that the judgment appeared to be interlocutory. The trial court then signed a nonsuit order disposing of all claims against Prather, making the judgment final.

Although the judgment was not final when Caprock filed its petition for writ of error, Texas law did not require Caprock to perfect its appeal again after the judgment became final. Rather, Caprock's prematurely filed cost bond could be applied in this appeal once the judgment became final.[1] Accordingly, this Court has jurisdiction over this cause. Further, whether we consider Caprock's points of error by direct appeal or appeal by writ of error does not affect the outcome.[2]

Caprock brings two points of error challenging the viability of the default judgment. In its first point of error, Caprock claims that because the return of service does not show the manner of service, the default judgment is void. We need not address this point of error because we focus instead on Caprock's second point of error in which it argues Guaranteed and Moreland's failure to serve the pleading upon which the default judgment is based voids the no-answer default judgment.[3]

 As a general rule, when a defendant does not answer, it admits all material facts properly alleged in its opponent's petition.[4] But a defendant's failure to answer only admits liability when the live pleadings have been properly served.[5] And when a plaintiff files an amended petition, the new pleading supplants all earlier petitions—the

1. See Tex.R.App. P. 58; see also Ragsdale v. Progressive Voters League, 730 S.W.2d 176, 177 (Tex. App.—Dallas 1987, no writ).

2. Cf. Castanon v. Monsevais, 703 S.W.2d 295, 297 (Tex.App.—San Antonio 1985, no writ) (when writ of error available, scope of review is same as that afforded by ordinary appeal).

3. See Tex.R.App. P. 90(a).

4. See Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex.1979).

5. See Harris v. Shoults, 877 S.W.2d 854, 855 (Tex.App.—Fort Worth 1994, no writ).

earlier petitions are no longer part of the pleadings.[6]

■ Caprock argues that the Fort Worth Court of Appeals correctly applied these principles in *Harris v. Shoults*[7] and urges us to follow that court's reasoning. In *Harris*, the plaintiff served the defendant with the original petition. One month later, the plaintiff amended the petition but did not serve the pleading on the defendant. The plaintiff then obtained a default judgment. In reversing the default judgment, the Fort Worth court first noted that the failure to answer only admits liability when the live pleadings have been properly served.[8] The court then concluded that the original petition, which had been superseded by the amended petition, could no longer expose the defendant to liability under the claims of that petition.[9] Since the plaintiff did not serve the amended petition on the defendant, the defendant had not admitted anything by failing to answer. Thus, liability had not been admitted at the time the trial court entered judgment.

We agree with *Harris*'s rationale. To obtain a proper default judgment, we conclude Guaranteed and Moreland were required to have Caprock served with the live pleading on file at the time of service. Here, Guaranteed and Moreland had Caprock served with the original petition. Yet, months before, their first amended original petition—which named an additional plaintiff and thus exposed Caprock to additional liability—had supplanted that pleading. Because the original petition was not a live pleading at the time of service, it failed to expose Caprock to liability for the claims in that petition.[10] Further, because Guaranteed and Moreland did not have Caprock served with the amended petition, Caprock did not admit anything by failing to answer.[11]

In reaching this conclusion, we necessarily reject Guaranteed and Moreland's argument that Caprock had "notice of the complaints against it and had an opportunity to answer the petition and participate in the trial." Resolution of this case does not depend on whether Caprock knew it had been sued,[12] but rather on whether Caprock admitted liability on the claims for which the trial court entered a default judgment. Because Caprock has not admitted any liability in this cause, we conclude the default judgment was improper. Accordingly, we sustain Caprock's second point of error.

We reverse the trial court's judgment and remand for proceedings consistent with this opinion.

6. See *CIGNA Ins. Co. v. TPG Store, Inc.*, 894 S.W.2d 431, 434 (Tex.App.—Austin 1995, no writ).

7. 877 S.W.2d 854 (Tex.App.—Fort Worth 1994, no writ).

8. *See id.* at 855.

9. *See id.*

10. *See id.*

11. *See id.*

12. *Cf. Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex.1990)(holding that mere knowledge of pending suit does not place any duty on defendant to act absent service, waiver, or citation).