**Ukachi Charles ONWUKWE, Appellant,**

v.

**Pauline C. IKE & Ken Ike, Appellees.**

**No. 01–02–01123–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 1, 2004.

Eric J. Davis, William L. Nealy, Houston, TX, for Appellant.

Pauline Ike, Roy J. Elizondo III, Ahn Law Firm, Houston, TX, for Appellee.

Panel consists of Justices TAFT, HANKS, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellant, Ukachi Charles Onwukwe, appeals a summary judgment denying his petition for bill of review. Appellant filed his petition after a no-answer default judgment for defamation was entered against him and in favor of appellees, Pauline C. Ike and Ken Ike. In his sole point of error, appellant contends that the trial court erred in granting appellees summary judg-

ment and denying his petition for bill-of-review.

We affirm.

## Facts & Procedural History

On October 16, 2000, appellees filed a defamation suit against appellant, alleging damages resulting from a defamatory letter appellant published. A private process server delivered the original petition to appellant on February 3, 2001 and later signed an affidavit attesting that he adhered to the requirements for service of process. However, the language of the affidavit indicated that the process server signed the affidavit on February 20, 2001, while the notary's signature indicated that the affiant signed on September 5, 2001. Appellees also filed first and second amended petitions, but neither of the latter pleadings were served on appellant.

Appellant—a native of Nigeria who had not been in the United States long when the petition was delivered to him by the process server—neglected to make a timely answer. Consequently, the trial court held a default judgment hearing on August 17, 2001, at which appellees presented evidence of their damages. On October 5, 2001, the trial court rendered a default judgment in favor of appellees and a writ of execution was served on appellant on February 7, 2002.

Appellant filed his petition for bill of review on March 18, 2002. In the petition, appellant asserted that he was unable to assert a meritorious defense in the defamation suit due to inadequate service of process. Specifically, appellant contended that (1) appellees filed two amended petitions and numerous trial motions without serving appellant with the instruments, (2) the affidavit of service of process signed by the process server did not meet the strict compliance standard for service of citation, and (3) the original petition served on ap-

pellant did not contain a copy of the defamatory letter. In response to appellant's petition, appellees filed a motion for summary judgment. Without issuing findings of fact and conclusions of law, the trial court granted appellees' motion for summary judgment and denied appellant bill-of-review relief.

### Propriety of Summary judgment

Appellees' motion for summary judgment asserted that bill-of-review relief was not available to appellant because (1) appellant was at fault or negligent in failing to answer and (2) appellant was at fault or negligent in failing to exhaust his legal remedies prior to bringing his bill of review action. The propriety of summary judgment hinges on whether the trial court erred in finding for appellees in regard to either of these issues.[1]

### A. Standard of Review

A traditional summary judgment under Rule 166a(c) is proper only when the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). In reviewing a summary judgment, we indulge every reasonable inference in favor of the non-movant and resolve any doubts in its favor. *Johnson*, 891 S.W.2d at 644; *Lawson v. B Four Corp.*, 888 S.W.2d 31, 33 (Tex.App.-Houston [1st Dist.] 1994, writ denied). We take

all evidence favorable to the non-movant as true. *Johnson*, 891 S.W.2d at 644; *Lawson*, 888 S.W.2d at 33. As movant, a defendant is entitled to summary judgment if the evidence disproves, as a matter of law, at least one element of each of the plaintiff's causes of action or conclusively establishes each element of an affirmative defense. *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex.1996).

A trial court cannot grant summary judgment on a ground not expressly presented in the summary judgment motion. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex.1996). Similarly, the non-movant must expressly present to the trial court, by written answer or response, any issues defeating the movant's entitlement to summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex.1993). When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion. *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995).

### B. Bill of Review

A bill of review is an independent equitable action to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex.1999). Bill of review relief is

---

1. On appeal, appellant raises the following arguments as to why summary judgment was improperly granted: (1) the trial court lacked jurisdiction due to insufficient notice; (2) the trial court lacked jurisdiction due to extrinsic fraud; (3) appellant used due diligence in seeking legal remedies; (4) appellant had a meritorious defense for purposes of a bill of review; (5) appellees failed to present sufficient evidence of defamation at the default judgment hearing; and (6) appellees failed to

present sufficient evidence of damages at the default judgment hearing. However, the only issues raised by appellees' motion for summary judgment were whether appellant was at fault or negligent (1) in failing to answer and (2) in failing to exhaust all available legal remedies. Our resolution of the issues raised by appellees' motion for summary judgment is dispositive of this appeal. Thus, we need not address appellant's extraneous appellate arguments.

only available if a party has exercised due diligence in pursuing all adequate legal remedies against a judgment. *Id.* at 927. If a legal remedy was available but ignored, a bill of review is not available. *Id.* Generally, a restricted appeal is one such adequate legal remedy. *See Hesser v. Hesser,* 842 S.W.2d 759, 765 (Tex.App.-Houston [1st Dist.] 1992, writ denied).

 To succeed in a bill of review, a petitioner must ordinarily show (1) a meritorious claim or defense to the cause of action supporting the earlier judgment, (2) which he was prevented from asserting by the fraud, accident, or mistake of the opposing party, or official mistake, and (3) unmixed with any fault or negligence of his own. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex.2003). However, in instances where the party petitioning for bill of review seeks to set aside a default judgment on the basis that he was not properly served with process, the petitioner need not prove the requirement of fraud, accident or wrongful act of the opposite party. *See Tex. Indus. Inc. v. Sanchez,* 525 S.W.2d 870, 871 (Tex.1975). Nor does the petitioner have to prove a meritorious defense. *See Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988).

 Asserting an error in service of process, however, does not relieve a bill of review petitioner from demonstrating that he was free from fault or negligence in letting the judgment be taken. *West Columbia Nat'l Bank v. Griffith,* 902 S.W.2d 201, 206 (Tex.App.-Houston [1st Dist.] 1995, writ denied). This requirement not only encompasses whether a petitioner was negligent in allowing the trial court to render the default judgment against him, but also whether he exercised due diligence in availing himself of all legal remedies against the former judgment. *Id.; Carroll v. Carroll,* 580 S.W.2d 410, 412

(Tex.Civ.App.-Houston [1st Dist.] 1979, no writ).

## C. Failure to Answer Original Petition

The first issue we must decide is whether appellant was negligent in failing to file a timely answer to the petition delivered by the process server.

 The standard of care applied to a defendant who fails to timely answer a lawsuit is such as prudent and careful persons would ordinarily use in their own cases of equal importance. *See In re A.L.H.C.,* 49 S.W.3d 911, 916 (Tex.App.-Dallas 2001, pet. denied). Unless an act is negligence per se or is so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it, the question of negligence is one for the trier of fact. *Lyons v. Paul,* 321 S.W.2d 944, 950 (Tex.Civ.App.-Waco 1958, writ ref'd n.r.e.).

Appellant concedes that the original petition was delivered to him on February 3, 2001. However, appellant asserts that the petition was not accompanied with a citation. Moreover, appellant asserts that he had only recently immigrated to America from Nigeria at the time the petition was delivered to him and was ignorant of the American judicial system. Appellant further asserts that he was misled into thinking the petition was a hoax because appellees had delivered angry correspondence to him before and because the process server was in civilian clothing, when in Nigeria, such tasks are performed by uniformed government officials.

We conclude that appellant's failure to answer was not so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have acted similarly. Thus, the issue of whether appellant was negligent in failing to answer concerned ques-

tions of fact and was not subject to disposition by summary judgment.

■ We hold that appellant presented sufficient evidence to defeat summary judgment on the issue of whether he was negligent in failing to timely answer appellee's original petition.

## D. Failure to Seek Restricted Appeal

■ The next issue we must decide is whether appellant was negligent in failing to exhaust all available legal remedies prior to bringing his bill of review action.

Appellant filed his petition for bill of review during the period in which relief was still available by restricted appeal.[2] Appellant's unexcused failure to seek a restricted appeal prior to filing a petition for bill of review would have precluded him from bill of review relief as a matter of law. *See Hesser,* 842 S.W.2d at 765. Thus, once appellees made a showing that appellant failed to seek a restricted appeal, appellant was required to show good cause for his failure to exhaust all adequate legal remedies in order to avoid summary judgment. *See Parker v. JP Morgan Chase Bank,* 95 S.W.3d 428, 430 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *see also, Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989). Appellant contends that his failure to seek a restricted appeal was excused because (1) restricted appeal was not an available remedy as the complained-of errors were not apparent on the face of the record, (2) restricted appeal was discretionary, and (3) restricted appeal was not an available remedy as he failed to preserve error at the trial level.

### 1. Error Apparent on the Record

■ A restricted appeal need not be sought prior to seeking bill of review relief when the former is not available. *Hesser,* 842 S.W.2d at 765–66. Restricted appeal is only available when (1) it is brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the "actual trial," and (4) the error complained of is apparent from the face of the record. Tex.R.App. P. 30; *Brown v. Brookshires Grocery Store,* 10 S.W.3d 351, 353 (Tex. App.-Dallas 1999, pet. denied).

Appellant argues that restricted appeal was not available to him because improper service of process was not apparent on the face of the trial court's record. Thus, in order to ascertain whether restricted appeal was an available legal remedy of which appellant was required to avail himself prior to seeking a bill of review, we must determine whether the errors appellant contends existed in service of process were apparent on the face of the trial court's record.

### i. The Amended Petitions and the Defamatory Letter

The first and third errors in service of which appellant complains are as follows: (a) appellees failed to serve appellant with two amended petitions and various motions and (b) appellees failed to attach a copy of the defamatory letter to the original petition.

■ With respect to appellees' failure to serve appellant with the amended petitions and motions, a plaintiff need not serve a defendant with amended pleadings or motions unless a more onerous judgment is sought therein. *See Rose v. Rose,*

---

2. In a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed. Tex.R.App. P. 26.1(c). The final judgment in the defama-tion action was signed on October 5, 2001. Appellant filed his petition for bill of review on March 18, 2002.

117 S.W.3d 84, 91 (Tex.App.-Waco 2003, no pet. h.).

 Relatedly, with respect to appellee's failure to attach the defamatory letter to the original petition, a plaintiff need not marshal all his evidence in order to satisfy due process requirements; it is enough that the petition state a cause of action, give fair notice of the claim, and not affirmatively disclose facts that defeat relief. *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494–95 (Tex.1988). Furthermore, as long as the allegations in the petition are sufficient to satisfy due process requirements, the trial court has jurisdiction to render judgment by default. *Id.* at 496.

When applying the above principles to the instant case, we acknowledge that the record before this Court does not contain any of the instruments filed in the defamation action. Their absence, however, does not affect our decision regarding appellant's arguments. If the trial court—who had access to the entire record from the defamation action—found either the amended petitions sought a more onerous judgment or the original petition was lacking to the extent that the inclusion of the defamatory letter was necessary to give fair notice of a claim, then the error was apparent on the face of the record and appellant failed to exhaust his remedies by seeking a restricted appeal. If, on the other hand, the amended petitions did not seek a more onerous judgment and/or the original petition was adequate, appellant was not harmed and the propriety of service was unaffected. Under any combination of the above scenarios, the granting of summary judgment was proper.

#### ii. The Service of Process Affidavit

 The second error in service of which appellant complains is a discrepancy in the date on which the process server signed the service affidavit and the date on which it was notarized. Specifically, appellant asserts that:

> whereas, the process server signs the affidavit of service dated on February 20, 2001, the notary certifies that the process server signed the document on September 5, 2001. This is improper service and is intentionally misleading the court because the notary could not have possibly witnessed the process server's signature on September 5, 2001, if the process server signed the affidavit on February 20, 2001.

The complained-of affidavit is included in the record before this Court. Therefore, the trial court correctly granted summary judgment because such error was apparent on the face of the record and restricted appeal was an available remedy of which appellant should have availed himself prior to seeking bill of review relief.

We hold that appellant failed to show that he was excused from seeking a restricted appeal on the basis that the errors complained of did not appear in the trial court's record.

#### 2. Necessity of Seeking Restricted Appeal

Appellant asserts that he was not required to bring a restricted appeal before seeking bill of review relief because the language of Rule of Appellate Procedure 30, which provides for restricted appeal relief, makes restricted appeal discretionary. Rule 30 states as follows:

> A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a post-judgment motion or request for findings or fact and conclusions of law, or a notice of appeal within the time permitted by Rule 21.6(a) *may file* a

notice of appeal within the time permitted by Rule 26.1(c).

TEX.R.APP. P. 30 (emphasis added).

 Appellant is correct to the extent that the language of the rule does not require a party to seek relief through restricted appeal. Nonetheless, as discussed above, if a party wants to seek relief by bill of review, all available legal remedies must be exhausted. *Herrera*, 11 S.W.3d at 927. This is a requirement for bringing a bill of review action and is unrelated to the language of Rule 30.

We hold that appellant failed to show that he was excused from seeking a restricted appeal on the basis that Rule of Appellate Procedure 30 did not require him to seek a restricted appeal.

### 3. Preservation of Error and Restricted Appeal

 Appellant asserts that he was not required to seek a restricted appeal before bringing a bill of review action because restricted appeal was not available to him due to his failure to preserve error under Rule of Appellate Procedure 33.1. However, by the very language of Rule 30, one need not preserve error in order to bring a restricted appeal. *See* TEX.R.APP. P. 30. To the contrary, Rule 30 requires that the appealing party have no participation in the proceedings from which a restricted appeal is sought. *Id.*

We hold that appellant failed to show that he was excused from seeking a restricted appeal on the basis that restricted appeal was not available to him due to his failure to preserve error.

### Conclusion

Having determined that appellant failed to provide sufficient evidence to excuse him from filing a restricted appeal before seeking bill of review relief, we affirm the judgment of the trial court.