## Tommy BENNETT and Theresa Davis, Appellants

### v.

## WOOD COUNTY, Appellee.

### No. 12–05–00337–CV.

Court of Appeals of Texas, Tyler.

July 12, 2006.

---

John W. Alexander, Winnsboro, for Appellant.

Jim L. Lambeth, Tyler, for Appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and BASS, Retired Justice, Twelfth Court of Appeals, TYLER, sitting by assignment.

## OPINION

BILL BASS, Justice.

This is a restricted appeal of a default judgment rendered against Tommy Bennett and Theresa Davis (collectively "Bennett and Davis") in a suit by Wood County to recover delinquent taxes. In their first issue, Bennett and Davis contend that the default judgment should be reversed because there is a material variance between the property descriptions in the original and amended petitions. In their second issue, they contend that they were not served with Wood County's amended petition. We reverse the default judgment and remand the case for a new trial.

### BACKGROUND

Wood County instituted suit to collect delinquent taxes, penalties, and interest from Bennett and Davis, Onie Pearl Johnson, Dorothy Johnson Bennett McAree, Mary Bennett, Greta Bennett Green, David Bennett, and the unknown owners of a described 11.242 acre tract. The original petition asked for judgment for $5,491.89, which was the total amount due at the filing of the petition, all taxes becoming delinquent thereafter up to the date of judgment, penalties, interest, costs, attorney's fees, and foreclosure of the tax lien against the 11.242 acre tract. Bennett and Davis were personally served with citation, but did not answer.

Over a year later, Wood County amended its petition correcting the property description of the 11.242 acres (tract 1), added a mobile home description as tract 2, and alleged delinquent taxes due on the mobile home in the amount of $1,634.10. Bennett and Davis were not served with the amended petition, and they did not receive notice of the hearing or appear in the case. The trial court rendered default judgment for the taxes, penalties, and interest owing on both tracts.

### DISCUSSION

In their second issue, Bennett and Davis assert that they were not served with Wood County's amended petition in the underlying suit, which sought a more onerous judgment than that prayed for in its original petition. Therefore, they conclude, the trial court erred in granting a default judgment against them. This is a restricted appeal. A restricted appeal is a direct attack on the trial court's judgment. *See General Elec. Co. v. Falcon Ridge Apartments Joint Venture*, 811 S.W.2d 942, 943 (Tex.1991) (applying former Texas Rule of Appellate Procedure 45 pertaining to writ of error procedure, replaced by

restricted appeal). To prevail in a restricted appeal, an appellant must establish that (1) he filed the notice of appeal within six months after the judgment was signed, (2) he was a party to the underlying suit, (3) he did not participate in the hearing that resulted in the judgment complained of, and (4) the error complained of is apparent on the face of the record. *Id.; see also* TEX.R.APP. P. 26.1(c), 30.

■ An amended pleading supplants earlier pleadings, and the supplanted pleading is no longer part of the pleading in the cause. *See* TEX.R. CIV. P. 65; *United Oil & Minerals, Inc. v. Costilla Energy, Inc.,* 1 S.W.3d 840, 843 (Tex.App.-Corpus Christi 1999, pet. dism'd).[1] As a general rule, if a defendant does not answer, it admits all material facts properly alleged in its opponent's petition. But a defendant's failure to answer admits liability only when the live pleadings have been properly served. *Caprock Constr. Co. v. Guaranteed Floorcovering, Inc.,* 950 S.W.2d 203, 204 (Tex.App.-Dallas 1997, no writ).

■ A new citation is necessary for a party who has not appeared when the plaintiff, by amended petition, seeks a more onerous judgment than that prayed for in the original pleading. *Weaver v. Hartford Accident & Indem. Co.,* 570 S.W.2d 367, 370 (Tex.1978). "More onerous" is anything that exposes the defendant to additional liability. *See Caprock,* 950 S.W.2d at 205. Wood County concedes that the inclusion of tract 2 in the amended petition gave rise to a more oner-

ous judgment than that sought in the original petition. Wood County contends, however, that the amount awarded in the judgment referable to the 11.242 acres (tract 1) was no more than that prayed for in the original petition, which asked for judgment for taxes becoming delinquent up to the date of judgment. Wood County therefore contends that we should affirm the judgment for the amount of delinquent taxes attributable to tract 1.

The identical argument was rejected in *Harris v. Shoults,* 877 S.W.2d 854 (Tex. App.-Fort Worth 1994, no writ). In *Harris,* as in this case, the defendant was served with the original petition asking only property damages, and he did not answer. Later, the plaintiff amended its petition asking the same amount of property damages, but also seeking damages for personal injury. The trial court awarded default judgment for personal as well as property damages. The plaintiff conceded that the trial court erred in awarding personal injury damages, but contended "no error occurred in awarding property damages, because Harris was apprised of the property damage claim and admitted liability by not answering the original petition." *Id.* at 855. The court of appeals disagreed reasoning that the original petition served on Harris and that Harris failed to answer was supplanted by the amended petition. When Shoults amended his original petition and proceeded to summary judgment on his amended petition, he had abandoned all prior claims under the original petition. *Id.* (citing TEX.R. CIV. P. 65; *Radelow–Gittens v. Pamex Foods,* 735 S.W.2d 558,

---

1. For other examples of the impotence of superseded pleadings, *see Webb v. Jorns,* 488 S.W.2d 407, 409 (Tex.1972) (An amended petition omitting an individual as a party defendant has the effect of dismissing the party from the suit.); *Elliott v. Methodist Hospital,* 54 S.W.3d 789, 793 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (The amended peti- tion becomes the controlling petition in the case regarding theories of recovery.); *Gage v. Langford,* 615 S.W.2d 934, 940 (Tex.Civ.App.- Eastland 1981, writ ref'd n.r.e.) (A cause of action included in an original or previous petition but omitted from the amended peti- tion is no longer before the court.).

559 (Tex.App.-Dallas 1987, writ ref'd n.r.e.)). Therefore, Harris had no exposure to liability for the claims made in the original petition. *Id.* The court of appeals reversed the default judgment and remanded the case for a new trial. *Id.*

■ Wood County's failure in this case to serve Bennett and Davis with the amended petition is apparent on the face of the record. It is also undisputed that the amended petition asks for a more onerous judgment than the original petition. When an amended petition is filed, it supplants all former petitions, which are no longer regarded as part of the pleadings. *CIGNA Ins. Co. v. TPG Store, Inc.*, 894 S.W.2d 431, 434 (Tex.App.-Austin 1995, no writ). Wood County did not serve Bennett and Davis with the live pleadings, and Bennett and Davis did not appear. The trial court erred in rendering default judgment against them. Appellants' second issue is sustained.

## CONCLUSION

We do not address Bennett and Davis's first issue since the issue is not likely to arise on retrial. The judgment is *reversed* and the cause *remanded for a new trial.*