*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



## MEMORANDUM OPINION

No. 04-07-00589-CV

**CONTINENTAL CASUALTY COMPANY**,
Appellant

v.

Rudolph **GUZMAN**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-07475
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Phylis J. Speedlin, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:   January 21, 2009

AFFIRMED

This is a restricted appeal arising out of a default judgment that was entered in a bill of review case. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Rudolph Guzman filed a workers' compensation claim, asserting he had sustained an injury in the course of his employment. After holding hearings, the Texas Workers Compensation

Commission ("TWCC") determined Guzman had indeed sustained a compensable injury for which Continental Casualty Company is liable. Continental then appealed the TWCC decision to a Bexar County district court. Continental then obtained a no-answer default judgment against Guzman that reversed and set aside the TWCC decision entitling Guzman to workers' compensation benefits. After discovering a default judgment had been taken against him, Guzman filed an "Original Petition for Bill of Review" in the Bexar County district court seeking to set aside the default judgment against him. Guzman served Continental through the CT Corporation, which Guzman alleged in his original petition to be Continental's registered agent for service. Continental did not file an answer to the suit. Thereafter, Guzman filed a "First Amended Original Petition for Bill of Review"; however, he did not serve Continental with the amended petition. Guzman then filed a motion for default judgment, which was granted by the trial court based upon the amended petition. Continental did not participate in the proceedings, nor were the proceedings recorded by a court reporter. Upon discovering that a default judgment had been taken against it, Continental filed this restricted appeal.

**RESTRICTED APPEAL**

*A.      Standard of Review*

In order to prevail in its restricted appeal, Continental must establish the following: (1) it filed notice of the restricted appeal within six months after the final judgment was signed; (2) it was a party to the underlying litigation; (3) it did not participate in the underlying proceedings and did not timely file any post-judgment motions; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The only issue in this restricted appeal concerns whether error is apparent on the face of the record.

*B.*        *Service of Amended Petition*

Continental contends that the failure of Guzman to serve it with the amended petition amounts to error apparent on the face of the record. To support this contention, Continental relies on *Caprock Construction Co. v. Guaranteed Floorcovering, Inc.*, 950 S.W.2d 203 (Tex. App.—Dallas 1997, no writ). In *Caprock*, as in this case, the plaintiff served the defendant with the original petition, but did not serve the defendant with the amended petition before taking a default judgment. *Id.* at 204. The Dallas Court of Appeals concluded that, in order for the default judgment to be upheld, the plaintiff was required to serve the defendant with the amended petition. *Id.* at 205. In so holding, the court noted that the amended petition named an additional plaintiff, thus exposing the defendant to additional liability. *Id.*

Later-decided cases have distinguished *Caprock*'s holding and refused to set aside default judgments where the amended petition did not expose the defendant to additional liability. In *Rose v. Rose*, 117 S.W.3d 84, 91 (Tex. App.—Waco 2003, no pet.), the Waco Court of Appeals noted that *Caprock* followed the general rule that only an amended petition that seeks a more onerous judgment requires new service. And, in *Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 694 (Tex. App.—Corpus Christi 2000, pet. denied), the Corpus Christi Court of Appeals similarly distinguished *Caprock*, by explaining that service was held to be improper in *Caprock* because the amended pleading exposed the defendant to additional liability.

In this case, Continental argues that Guzman's amended petition adds allegations of extrinsic fraud, failure to execute official duties, and lack of adequate legal remedy. Although the amended petition did, in fact, contain these additional factual allegations, no new causes of action were pled. Thus, the amended petition did not seek a more onerous judgment than the original petition. Both

the original petition and the amended petition requested that the trial court grant the petition for bill of review, order a new trial, and set aside the default judgment against Guzman. Therefore, Guzman was not required to serve the amended petition on Continental before taking the default judgment.

C.      Bill of Review Elements

Continental argues that Guzman did not meet all elements of a bill of review. More particularly, Continental contends the record does not show Guzman exercised due diligence.

In order to prevail on a bill of review, a petitioner must prove (1) a meritorious defense (2) that he was prevented from making by fraud, accident, or wrongful act of the opposing party or official mistake (3) without any fault or negligence of his own. *Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006). However, "a defendant who is not served with process is entitled to a bill of review without a further showing, because the Constitution discharges the first element, and lack of services establishes the second and third." *Id*. And, traditionally, a petitioner must also show he exercised due diligence to pursue all adequate legal remedies against a former judgment. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). But, while diligence is required from properly served parties or those who have appeared, those who have not been served have no duty to act, diligently or otherwise. *Ross*, 197 S.W.3d at 798.

A default judgment on an unliquidated claim admits all allegations of fact alleged in the petition except the amount of damages. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984). Because Continental failed to answer the bill of review petition and Guzman was awarded a default judgment, all assertions made in the petition are thus admitted as fact. Guzman pled in the bill of review proceeding that the substituted service in the underlying workers' compensation suit filed by Continental violated his right to constitutional due process because he was not properly

served. Guzman also alleged that he was not properly served because Continental either fraudulently or mistakenly misinformed the court regarding Guzman's street addresses for the purpose of serving him in the underlying suit. Thus, the substituted service was invalid, and Guzman's default judgment on his amended petition stands without proof of the other elements of the bill of review. *See id.* And, because the record shows that Guzman did not know of the suit or the default judgment in time to file an answer, a motion for new trial, or an appeal, he had no duty to act diligently. *See Ross*, 197 S.W.3d at 798.

D.      *Jurisdiction*

Continental alleges jurisdiction is not shown because Guzman's original petition did not plead that Continental is the workers' compensation carrier for Guzman or that it engaged in business in Texas. Continental also complains that there was no evidence that C.T. Corporation was the registered agent for service for Continental or that C.T. Corporation forwarded the service to Continental.

Jurisdictional facts must affirmatively appear on the face of the record for a default judgment to withstand scrutiny. *McKanna v. Edgar*, 388 S.W.2d 927, 929-30 (Tex. 1965). For jurisdictional facts to affirmatively appear on the face of the record, the record must show the following: (1) the pleadings must allege facts that, if true, would make the defendant responsible to answer; and (2) there must be proof in the record that the defendant was, in fact, served in the manner required by statute. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95-96 (Tex. 1973). However, when a defendant has not answered, a trial court acquires jurisdiction solely on proof of proper service. *Furst v. Smith,* 176 S.W.3d 864, 868 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see* TEX. R. CIV. P. 107 (prohibiting rendition of default judgment unless proof of service and return have been on file

with clerk for ten days). Further, the majority of courts of appeals have held that a recital in a petition that names a person or entity as the registered agent for service on the defendant is prima facie evidence of that fact. *See, e.g., Conseco Fin. Servicing v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 672 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *K-Mart Apparel Fashions Corp. v. Ramsey*, 695 S.W.2d 243, 246 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Cox Mktg. v. Adams,* 688 S.W.2d 215, 218 (Tex. App.—El Paso 1985, no writ).

We find sufficient proof in the record that Continental was served properly and that the court had jurisdiction. In his original petition for bill of review, Guzman alleged that Continental "is a corporation authorized to engage in the business of workers compensation insurance as defined by the Texas Workers' Compensation Act and as allowed by the State Agency." And, Guzman alleged that Continental had filed suit in Bexar County against him, claiming the TWCC's final decision that he, a workers' compensation claimant, was entitled to workers' compensation benefits should be reversed. Further, Guzman pled that an improper default judgment had been taken against him. Guzman also set forth that Continental "may be served with process by serving its registered agent as follows: CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201."

The record contains a notice and citation, with accompanying petition for bill of review, issued by the Bexar County District Clerk, that was directed to CT Corporation System as registered agent of Continental. The record further shows that the notice and citation were served on Continental through its registered agent, CT Corporation System, by certified mail, return receipt requested. The officer's return indicates the citation was executed. We conclude that Guzman's allegations and the proof of service contained in the record are sufficient to satisfy the jurisdictional requirements.

*E.     Venue*

Continental contends that Guzman was required to comply with the statutory venue requirements set forth in the Texas Workers' Compensation Act, which provide that suit for judicial review of a TWCC decision must be filed in the county where the employee resided at the time of injury. *See* TEX. LAB. CODE ANN. § 410.252(b)(1) (Vernon 2006). And, according to Continental, because the face of the record does not establish that Guzman resided in Bexar County at the time of injury, the bill of review default judgment should be reversed.

A bill of review, however, is a direct attack on a previous trial court's judgment. *Pursley v. Ussery*, 937 S.W.2d 566, 567 (Tex. App.—San Antonio 1996, no writ). And, a direct attack, which is brought for the purpose of correcting a presumably incorrect former judgment, may only be brought in the court rendering the judgment. *Id.* at 567-68. This is a jurisdictional requirement, not merely a matter of venue. *Id.* at 568.

Significantly, we note that the initial suit involving this workers' compensation claim, which was an appeal of the TWCC decision in Guzman's favor, was filed by Continental in Bexar County. Because, as a jurisdictional matter, Guzman was required to file his bill of review of petition in the same court in which the default judgment was taken, there is no need for the face of the record to reflect Guzman's county of residence at the time of the injury.

*F.     Sufficiency of the Record*

Continental also argues that the record from the bill of review proceeding is incomplete and, therefore, amounts to reversible error. Specifically, Continental complains that no reporter's record was taken during the proceeding, and the clerk's record contains no affidavits or evidence supporting the granting of Guzman's bill of review.

Texas Rules of Civil Procedure 241 and 243 set forth the evidentiary requirements for default judgment proceedings. *See* TEX. R. CIV. P. 241, 243. Rule 241 provides that when a default judgment is rendered, and the claim is liquidated and proved by an instrument in writing, the court shall assess damages. TEX. R. CIV. P. 241. There is no requirement under Rule 241 for an evidentiary hearing to be held. Rule 243 provides that when a cause of action is unliquidated or not proved by an instrument in writing, the court shall hear evidence as to damages. *See* TEX. R. CIV. P. 243. Guzman's petition did not seek relief for damages, but rather requested that the default judgment rendered against him be set aside and vacated and that a new trial be granted. The judgment entered in Guzman's favor granted the relief requested. Thus, this case is akin to a suit for liquidated damages as opposed to unliquidated damages for which an evidentiary hearing would be required; therefore, the trial court did not err in failing to hear evidence before granting default judgment in Guzman's favor.

*G.      Compliance with Labor Code*

Continental argues that Guzman's failure to produce evidence of compliance with Section 410.258 of the Texas Labor Code renders the trial court's judgment granting the bill of review void. Section 410.258 provides, in part, the following:

> (a) *The party who initiated a proceeding under this subchapter or Subchapter G* must file any proposed judgment . . ., including a proposed default judgment, with the division not later than the 30th day before the date on which the court is scheduled to enter the judgment . . . .

> (f) A judgment entered . . . without complying with the requirements of this section is void.

TEX. LAB. CODE ANN. § 410.258(a),(f) (Vernon 2006) (emphasis added). Section 410.258 also states that the TWCC should receive advance notice of the attack on its decision so that the commission

may have thirty days to intervene in the judicial proceedings. *Id.* § 410.258(c); *see Casillas v. State Office of Risk Mgmt.*, 146 S.W.3d 735, 738 (Tex. App.—El Paso 2004, no pet.).

We interpret Section 410.258 to mean that only a party who has initiated a proceeding under the Labor Code is subject to its filing requirements. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000) (holding that in interpreting a statute, courts must look to its "plain and common meaning" and "presume that the Legislature intended the plain meaning of its words."). Here, it was Continental, not Guzman, that "initiated a proceeding" under the statute when it filed its appeal of the TWCC decision in the district court. There is nothing in the statute requiring a party seeking review of a default judgment in a bill of review proceeding to notify the TWCC of the attack on the trial court's action. Guzman's bill of review does not attack the TWCC decision, but rather requests that the default judgment entered in favor of Continental be set aside so the parties may return to the trial court to resolve Continental's initial appeal of the TWCC decision. Thus, Guzman's bill of review was not an initiation of a proceeding under the Labor Code, and he was not required to comply with Section 410.258.

Similarly, Continental contends the trial court lacked jurisdiction to enter the default judgment against it in the bill of review proceeding because Guzman failed to comply with Section 410.253 of the Texas Labor Code. That section provides the following:

> A party may not seek judicial review under Section 410.251 unless the party has provided written notice of the suit to the division as required by this section.

TEX. LAB. CODE ANN. § 410.253(b) (Vernon 2006). We again interpret section 410.253 to apply only to a party seeking judicial review of a final TWCC decision. Because it was Continental, not Guzman, seeking judicial review, Guzman was not required to comply with Section 410.253(b) of the Texas Labor Code.

*H.      Validity of Service of Process*

Finally, Continental contends service of citation is defective because the return of citation is not verified as required by Rule 107 of the Texas Rules of Civil Procedure. Verification, however, was not required in this instance. Service was accomplished by certified mail, and the return was signed by the district clerk. District clerks, like sheriffs and constables, are considered "'officers' – persons who, by virtue of their offices, are not required to verify returns." *Ins. Co. v. Lejeune*, 261 S.W.3d 852, 859 (Tex. App.—Texarkana 2008, pet. filed). Thus, Continental's assertion is without merit.

CONCLUSION

We find no error in the trial court's granting of Guzman's bill of review. We, therefore, affirm the trial court's judgment.

Karen Angelini, Justice