In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00814-CV




ROGER HARRISON, Appellant

V.

HAROLD AND VIRGINIA GAUBERT, Appellees



 
On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2005-70593


 

 
 
MEMORANDUM OPINION
          Roger Harrison, appellant, complains that the trial court erred by entering 
default judgment against him and by denying his subsequent motion for new trial. 
We reverse and remand.
Background

          In November 2005, Harold and Virgina Gaubert filed a lawsuit against
numerous defendants, including Heritage Moving and Storage (“Heritage”), and
Roger Harrison, individually and as a representative of Heritage. The Gauberts’
lawsuit alleged that they had contracted with Heritage, through Harrison as its
representative, to move and store the Gauberts’ furniture after the sale of their home.
According to the Gauberts, their contract with Heritage called for their furniture and
belongings to be transported to and stored in a climate-controlled warehouse, and also
called for Heritage to insure their belongings. The Gauberts’ pleadings contended that
their belongings were not stored in a climate-controlled warehouse, and that the
proper insurance was not procured, even though they were charged for both of these
items. 
          Accordingly, the Gauberts’ original petition alleged causes of action for fraud,
breach of contract, violations of the Texas Deceptive Trade Practices-Consumer
Protection Act (the “DTPA”), negligence and gross negligence. They sought to
recover actual and exemplary damages for lost and damaged belongings and mental
anguish and to recoup payments made under the contract and expenses incurred in
moving. According to the return of service in the record, Harrison was served with
process and notice of the suit on March 21, 2006. Harrison did not file an answer or
otherwise appear in the lawsuit. 
          In May 2006, the Gauberts filed an amended petition, this time alleging
negligent misrepresentation, gross negligence, negligence per se, fraudulent
inducement, fraud, fraud by nondisclosure, breach of contract, violations of the
DTPA, and breach of the duty of good faith and fair dealing. The Gauberts also
alleged that the defendants, including Harrison, were liable under the theory of joint
enterprise, apparent authority and agency. As damages, the Gauberts sought to
recover actual damages including those for lost and damaged belongings,
reimbursement for payments made for insurance and climate-controlled storage,
expenses incurred in moving their belongings to another storage facility, lost wages,
“miscellaneous expenses,” and “other foreseeable economic loss.” The Gauberts’
amended petition also sought to recover mental anguish damages, punitive and
exemplary damages, treble damages, attorneys’ fees, and prejudgment and
postjudgment interest. 
          In May 2007, the Gauberts moved for a no-answer default judgment against
Harrison and Heritage, alleging that “these Defendants were served with citation and
a copy of plaintiff’s [sic] petition by personal delivery to their registered agent for
service.” The Gauberts attached to their motion for default judgment a copy of the
return of service, which stated that Harrison had been served with citation and with
a copy of the Gauberts’ original petition on March 20, 2006. There is no evidence in
the record that the amended petition was ever served on Harrison. 
          On June 22, 2007, the trial court entered a default judgment against Harrison
and Heritage. The trial court’s order stated 
It is further ordered that $42,538.22 has been awarded to Plaintiffs for
items damaged in the move.
 
It is further ordered that $43,871.03 has been awarded to Plaintiffs for
items damaged in the move.
 
It is further ordered that $10,495.00 has been awarded to the Plaintiffs
for the recoupment of the expenses paid to Defendants.
 
It is further ordered that the court finds that the Defendants acted
knowingly and intentionally; therefore, all appropriate liquidated
damages are trebled.
 
It is further ordered the $63,180.75 be awarded as reasonable attorneys’
fees.
  
          On July 25, 2007, Harrison filed a motion for new trial. In his motion for new
trial, Harrison did not contest that he had been served with process and the Gaubert’s
original petition and that he failed to answer. Instead, he stated that he did not recall
being served with the lawsuit and that his failure to answer was therefore not the
result of mistake or indifference. In addition, Harrison’s motion for new trial argued
that he had a meritorious defense to some or all of the Gauberts’ claims against him. 
On September 11, 2007, Harrison filed a supplemental motion for new trial, arguing
that the default judgment was based on the Gauberts’ amended petition, which had
never been served on him. Two days after Harrison filed his supplemental motion for
new trial, the trial court denied Harrison’s motion for new trial. 
          In six points of error, Harrison contends that (1) the trial court abused its
discretion by denying his motion for new trial after a default judgment was granted
against him; (2) the default judgment entered by the court is void because it is based
upon an amended petition that was never served on him and that contained
“additional and more onerous causes of action”; (3) the trial court erred by awarding
the Gauberts unliquidated damages in the default judgment without conducting a
hearing on those damages; (4) the trial court erred in awarding $63,180.75 in
attorneys’ fees to the Gauberts as a result of the default judgment; (5) the trial court
erred by failing to apply settlement credits to the amount of damages awarded in the
default judgment; and (6) the trial court’s damages award contains a duplicative
award, fails to distinguish which defendant is liable for which amount, and awards
damages that are not supported by the Gauberts’ pleadings. 
Failure to Serve the Amended Petition

          Because it is dispositive of this appeal, we turn first to Harrison’s second point
of error. Harrison contends that the default judgment against him is void because it
is based upon the Gauberts’ amended petition and because that amended petition (1)
was never served upon him and (2) contained “additional and more onerous causes
of action.” 
          As a general rule, a defendant who does not answer admits all material facts
properly alleged in the opponent’s petition. Bennett v. Wood County, 200 S.W.3d
239, 241 (Tex. App.—Tyler 2006, no pet.). “But a defendant’s failure to answer
admits liability only when the live pleadings have been properly served.” Id. (citing
Caprock Constr. Co. v. Guaranteed Floorcovering, Inc., 950 S.W.2d 203, 204 (Tex.
App.—Dallas 1997, no writ)). 
          Service of an amended petition on a party that has not yet appeared is required
when a plaintiff “seeks a more onerous judgment than prayed for in the original
pleading.” Fidelity & Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 574
(Tex. 2006) (quoting Weaver v. Hartford Accident & Indem. Co., 570 S.W.2d 367,
370 (Tex. 1978)). Failing to serve such an amended petition renders any default
judgment granted on the amended petition void. See, e.g., In re Discount Rental,
Inc., 216 S.W.3d 831, 832 (Tex. 2007) (default judgment taken without proper
service is void) (citing Smith v. Commercial Equip. Leasing Co., 678 S.W.2d 917,
918 (Tex. 1984) (holding “the default judgment . . . void” for want of proper
service)); Caprock, 950 S.W.2d at 205. 
          On appeal, the Gauberts do not contend that their amended petition was ever
served upon Harrison. Instead, they argue that the amended petition was not “more
onerous” than their original petition.


 We disagree.
          “More onerous” is anything that exposes the defendant to additional liability.
See Caprock, 950 S.W.2d at 205 (reversing default judgment because addition of new
plaintiff in later petition exposed defendant to additional liability); see also Atwood
v. B & R Supply & Equip. Co., Inc., 52 S.W.3d 265, 267-68 (Tex. App.—Corpus
Christi 2001, no pet.) (reversing default judgment when second petition alleging suit
on sworn account imposed more onerous judgment than original petition for “simple
suit alleging breach of contract”); Onwukwe v. Ike, 137 S.W.3d 159, 165-66 (Tex.
App.— Houston [1st Dist.] 2004, no pet.) (acknowledging that subsequent pleadings
imposing more onerous judgment on defendant must be served on defendant) (citing
Rose v. Rose, 117 S.W.3d 84, 91 (Tex. App.—Waco 2003, no pet.) (stating, “A
plaintiff must serve a non-answering defendant with amended pleadings only when
the amended pleading sets up a new cause of action or seeks a more onerous
judgment against the defendant.”))
          The Gauberts’ amended petition added a new cause of action for negligent
misrepresentation. In addition, the amended petition alleged joint and several
liability, while the original petition did not. Finally, the amended petition sought new
categories of damages not previously sought in the original petition, including a claim
for attorneys’ fees. We therefore conclude that the Gauberts were required to serve
their amended petition upon Harrison before receiving a default judgment in their
favor. Because there is no evidence that Harrison was served with this amended
petition, the trial court erred by entering a no-answer default judgment against
Harrison.


 
           Because we conclude that the default judgment entered against Harrison is
void, we sustain Harrison’s second point of error and do not reach the other issues
presented by Harrison. 
Conclusion
          We reverse the trial court’s default judgment against Harrison, and remand this
cause to the trial court.
 


                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Hanks