**REVERSE and REMAND; and Opinion Filed July 17, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-11-01189-CV**

**JOHN PRIDE, INDIVIDUALLY & PHAREALE INVESTMENTS, INC., Appellants**

**V.**

**MARLISA WILLIAMS & MORRIS WILLIAMS, Appellees**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-03869**

## MEMORANDUM OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Bridges

Appellants John Pride ("Pride") and Phareale Investments, Inc. ("Phareale") bring this restricted appeal from a no-answer default judgment. In four issues, appellants contend: (1) the trial court did not acquire personal jurisdiction over Pride and Phareale because the return of citation conflicts with the citation, petition, and judgment; (2) the live pleading in effect on the date the final default judgment was issued sought more onerous relief against Pride and Phareale than the original petition, but was not served on appellants; (3) there is no evidence to support any of the awards of damages in the default judgment because no reporter's record was made of the prove-up hearing and no documentary evidence was presented to the trial court; and (4) attorney's fees were awarded for causes of action that do not, as a matter of law, allow recovery of attorney's fees. For the reasons set forth below, we reverse and remand.

**Background**

On April 2, 2010, Marlisa and Morris Williams filed their original petition against Pride and Phareale. Citations of service were issued to "JOHN PRIDE, 1115 FROST HOLLOW DR., DESOTO, TX 75115" and "PHAREALE INVESTMENTS, INC. BY SERVING ITS REGISTERED AGENT JOHN PRIDE, 1115 FROST HOLLOW DR., DESOTO, TX 75115." Filed returns of service, on the other hand, noted service on "JOHN PRIDE, VICKERY STATION POST OFFICE SKILLMAN AT ABRHAMS PLACE OF EMPLOYMENT, DALLAS, TEXAS 75231" and "PHAREALE INVESTMENTS INC., JOHN PRIDE REG. AGENT, VICKERY STATION POST OFFICE SKILLMAN AT ABRHAMS PLACE OF EMPLOYMENT, DALLAS, TEXAS 75231."

On September 24, 2010, appellees filed their first amended petition, alleging new causes of action against appellants and adding J.P. Morgan Chase Bank as a defendant.[1] The record reflects citation issued for Pride, but it was "unserved." There is no indication in the record citation issued or was served with regard to Phareale.

On November 30, 2010, the trial court signed an "Interlocutory Default Judgment" against Pride and Phareale. Following appellees' submission of their amended motion for default judgment, the trial court then entered its "Final Default Judgment" on May 31, 2011 against appellants. The trial court's docket sheet does not reflect a hearing on the motion, but notes "submitted default judgment" on May 17, 2011. A letter from the court reporter to this Court states she cannot locate a record of any hearing in this matter. The docket sheet does not indicate whether a copy of the final default judgment was forwarded to either Pride or Phareale.

Pride and Phareale filed their notice of restricted appeal on August 31, 2011. In an order, dated May 2, 2012, this Court abated the appeal to permit the trial court to dispose of the

---

[1] J.P. Morgan Chase Bank was later non-suited.

remaining issues[2] and modify the judgment so as to make it final. On September 2, 2012, the trial court incorporated its May 31, 2011 order and disposed of the remaining issues. We then reinstated this appeal.

**Analysis**

To prevail on their restricted appeal, appellants must establish that: (1) they filed notice of the restricted appeal within six months after the judgment was signed; (2) they were a party to the underlying lawsuit; (3) they did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004), *Lytle v. Cunningham*, 261 S.W.3d 837, 839 (Tex. App.—Dallas 2008, no pet.). The only factor in question in this appeal is whether there is error apparent on the face of the record. For purposes of restricted appeal review, the face of the record consists of all the papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Thomas v. Martinez*, 217 S.W.3d 680, 683 (Tex. App.—Dallas 2007, pet. struck).

### *Failure to Serve First Amended Petition*

Because it is dispositive of this appeal, we first turn to appellants' second issue. Pride and Phareale contend the default judgment against them is void because (1) the first amended petition was not served on them and (2) the first amended petition sought more onerous relief against them than the original petition.

---

[2] This Court's abatement order states as follows:

This judgment disposes of all of Marlisa's claims against Pride and Phareale, but does not dispose of Morris's claims for unliquidated damages for the alleged fraud committed by appellants nor his claims for attorney's fees. Additionally, although the judgment states Chase has been dismissed from the suit, the record contains only the pleading filed by Marlisa dismissing her claims against Chase. It does not contain or reference any pleading by Morris non-suiting his claims against Chase.

As a general rule, a defendant who does not answer admits all material facts properly alleged in the opponent's petition. *Bennett v. Wood County*, 200 S.W.3d 239, 241 (Tex. App.-Tyler 2006, no pet.). "But a defendant's failure to answer admits liability only when the live pleadings have been properly served." *Id.* (citing *Caprock Constr. Co. v. Guaranteed Floorcovering, Inc.*, 950 S.W.2d 203, 204 (Tex. App.—Dallas 1997, no writ)). Service of an amended petition on a party that has not yet appeared is required when a plaintiff "seeks a more onerous judgment than prayed for in the original pleading." *See Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 (Tex. 2006). Failure to serve such an amended petition renders any default judgment granted on the amended petition void. *See Caprock*, 950 S.W.2d at 205; *Cebcor Serv. Corp. v. Landscape Design and Constr., Inc.*, 270 S.W.3d 328, 332 (Tex. App.—Dallas 2008, no pet.).

Following the filing of appellees' first amended petition, the record before us reflects citation issued for Pride, but it was "unserved." There is no indication citation issued or was served with regard to Phareale. Because the record reflects appellants were not served with the first amended petition, we must determine whether the first amended petition sought more onerous relief against appellants than the original petition. *See Fidelity*, 186 S.W.3d at 574.

"More onerous" is anything that exposes the defendant to additional liability. *See Onwukwe v. Ike*, 137 S.W.3d 159, 165-66 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (subsequent pleadings imposing a more onerous judgment on defendant must be served on the defendant); *Atwood v. B&R Supply & Equip. Co., Inc.*, 52 S.W.3d 265, 267-68 (Tex. App.—Corpus Christi 2001, no pet.) (reversing default judgment when second petition alleging suit on sworn account imposed more onerous judgment than original petition on breach of contract); *Caprock*, 950 S.W.2d at 205 (reversing default judgment when addition of new plaintiff in a subsequent petition exposed defendant to additional liability).

In their first amended petition, appellees reiterated the facts and relief sought in the original petition and then added a claim, alleging Pride and Phareale "fraudulently applied and secured a home equity loan with J.P. Morgan Chase. . . thereby incurring a fraudulent lien and withdrawal of equity value from the real property owned by [appellees]." The amended petition also alleged, for the first time, that appellants had "actual and constructive notice that they did not have ownership of the property" and appellees sought a declaration that the loan was fraudulent and the lien was void. They also requested additional relief, seeking Defendant Chase to remove all liens against said property. Appellees also added a request for additional exemplary damages against appellants under section 27.01(d) of the Texas Business & Commerce Code for appellants' alleged "actual knowledge and awareness of the falsity of the loan documents." Based upon these additions, we conclude the first amended petition sought more onerous relief. *See Caprock*, 950 S.W.2d at 205. Appellees were, therefore, required to serve their first amended petition upon appellants before receiving a default judgment in their favor. *See Fidelity*, 186 S.W.3d at 574. Because there is no evidence appellants were served with the first amended petition, the trial court erred in entering a default judgment against Pride and Phareale. *See Caprock*, 950 S.W.2d at 205.

We, therefore, sustain appellant's second issue and conclude the no-answer default judgment is void. *See id.* Because we have sustained this issue, we need not reach appellants' other issues.

**Conclusion**

For the reasons set forth in this opinion, we reverse the trial court's default judgment against appellants and remand this cause to the trial court.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

111189F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN PRIDE, INDIVIDUALLY &
PHAREALE INVESTMENTS, INC.,
Appellants

No. 05-11-01189-CV          V.

MARLISA WILLIAMS & MORRIS
WILLIAMS, Appellees

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-03869.
Opinion delivered by Justice Bridges.
Justices FitzGerald and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and the case is **REMANDED** for proceedings consistent with this Court's opinion.

It is **ORDERED** that appellants JOHN PRIDE, INDIVIDUALLY & PHAREALE INVESTMENTS, INC. recover their costs of this appeal from appellees MARLISA WILLIAMS & MORRIS WILLIAMS.

Judgment entered this 17th day of July, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE