**Louis R. McKERNAN, Appellant,**

v.

**RIVERSIDE NATIONAL BANK, N.A., Appellee.**

**No. 2–92–133–CV.**

Court of Appeals of Texas, Fort Worth.

July 20, 1993.

Smith & Underwood, Timothy S. Perkins, Dallas, for appellant.

Hunter, Van Amburgh & Wolf, Michael A. Dover, Dallas, for appellee.

Before HILL, C.J., and FARRIS and DAY, JJ.

## OPINION

HILL, Chief Justice.

Louis R. McKernan appeals by writ of error from a default judgment awarding Riverside National Bank, N.A., the appellee, the amount of deficiency due under a note or notes owed by McKernan and others to the Bank, following a nonjudicial foreclosure of the property securing the notes.

McKernan urges in two points of error that the trial court erred in granting the default judgment, because the Bank did not serve him with a copy of the amended petition that sought the deficiency, even though the amended petition substantially altered the Bank's cause of action, and because the amended petition sought a more onerous judgment from him.

We affirm because we hold that the amended petition did not constitute a substantial alteration of the Bank's cause of action, nor did it seek a more onerous judgment from McKernan.

■ A direct attack on a judgment by writ of error must: (1) be brought within six months after the judgment was signed; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error complained of must be apparent from the face of the record. *DSC Finance Corp. v. Moffitt*, 815 S.W.2d 551 (Tex.1991) (per curiam). This attack was brought within six months after the judgment was signed by a party to the suit who did not participate in the actual trial. Consequently, the only issue is whether there is any error apparent from the face of the record.

The Bank in its original petition brought suit against McKernan, his partner Wayne Hunt, and their partnership, HM Land Company. The suit alleged certain sums due the Bank because of two deed of trust notes that were in default. The petition sought damages as to all the defendants, jointly and severally, in the amount of $3,449,488.28, plus interest, on one note and $443,468.96, plus interest, on a second note. The Bank also sought reasonable attorney's fees.

The property securing the first deed of trust note was sold at a nonjudicial foreclosure sale for the sum of $3,200,000. After crediting that amount toward the amount due on the note, and adding $14,939 for appraisals and environmental audits, plus $15,576.48 for reasonable attorney's fees, the amended petition alleged the principal amount due under the first note as $540,398.73. There was no change in the principal amount due under the second note. The amended petition did increase the amount of attorney's fees due to the Bank in the event of an appeal to this court from $5,000 to $7,500 and made the same increase in the event of an appeal to the supreme court. The Bank did not include Hunt or HM Land Company, the partnership, as defendants in its amended petition, having filed a motion to nonsuit them contemporaneously with its amended petition.

The trial court, on the same date that the amended petition was filed, awarded the Bank a default judgment as to McKernan in the amount sought by the Bank in its amended petition. The amended petition was not served on McKernan prior to the issuance of the default judgment.

■ We must first determine whether the amendment that we have described constitutes a substantial alteration of the Bank's cause of action. This court has previously held that one may recover a deficiency judgment based upon a pleading for recovery based upon default in the payment of the note. *Sharp v. Brock*, 626 S.W.2d 166, 169 (Tex.App.—Fort Worth 1981, no writ). Although there are significant differences between the facts of that case and this, we still hold that where a creditor seeks to obtain a judgment for the balance due on a note providing for a right to foreclosure, it may, without amendment, obtain judgment for the lesser amount of

the deficiency following such a foreclosure, because these pleadings put the debtor on notice that the amount sought may be the deficiency remaining upon the foreclosure authorized by the note. Consequently, we hold that the amendment to seek a deficiency judgment was not a substantial alteration of the Bank's cause of action.

■ McKernan asserts that the amended pleading sought a more onerous judgment against him because the Bank had taken a nonsuit as to the two other defendants. Since the Bank had sought a judgment against all defendants in the full amount based upon joint and several liability, the judgment it sought against McKernan was not more onerous after the nonsuit than that sought before the nonsuit. We overrule points of error numbers one and two.

The judgment is affirmed.