ACCEPTED
01-14-00974-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/29/2015 3:58:55 PM
CHRISTOPHER PRINE
CLERK

CAUSE NO. 01-14-00974-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/29/2015 3:58:55 PM

CHRISTOPHER A. PRINE
Clerk

In The
Court of Appeals
For The
1st District of Texas

_____

AAMCO TRANSMISSIONS, INC.

*Appellant,*

v.

JAMES A. BOVA

*Appellee.*

_____

On Appeal from the 113th Judicial District Court
Harris County, Texas
Trial Court No. 2013-77066

_____

**Appellee's Brief**

_____

Mestemaker, Straub & Zumwalt
David K. Mestemaker
SBN: 13974600
FBN: 14410
3100 Timmons Lane
Suite 455
Houston, Texas 77027
Telephone: (713) 626-8900
Facsimile: (713) 626-8900
Counsel for Appellee

**No Oral Argument Requested**

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**

L. Bradley Hancock
hancockl@gtlaw.com
Matthew L. Simmons
simmonsm@gtlaw.com
Greenberg Traurig, LLP
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

*Appellant and Trial Counsel for AAMCO TRANSMISSIONS, INC.*

**Appellee**

David K. Mestemaker
dkm@msandz.com
Mestemaker, Straub & Zumwalt
3100 Timmons Lane, Suite 455
Houston, Texas 77027
Telephone: (713) 626-8900
Facsimile: (713) 626-8910

*Appellee and Trial Counsel for JAMES BOVA.*

# Table of Contents

**Identity of Parties and Counsel** ........................................................................ **2**

**Index of Authorities** ............................................................................................ **5**

**Statement of Case** ................................................................................................. **6**

**Relevant Procedural Background** ........................................................................ **6**

**Issues Presented** ................................................................................................... **6**

**Statement of Facts** ............................................................................................... **7**

**Summary of Argument** ........................................................................................ **7**

**Argument** ...................................................................................................... …..**9**

*Standard of Review* ............................................................................................... **9**

*I.*       *There is no error on the face of the record regarding the trial court's granting of Appellee's motion for default judgment*………………….....*9*

*A.*      *The Final Judgment is proper because AAMCO admitted liability on the claims for which the trial court entered a default judgment*……………....*9*

*i.*       *The amended petition is not properly before this Court in this Restricted Appeal*……………………………………………………………...*12*

*ii.*      *The trial court rendered its opinion on May 16, 2014 - not June 9, 2014 as Appellant misapprehends*……………………………………….....*13*

*B.*      *Even if the amended petition was allowed to be part of the record of this Restricted Appeal, (which caselaw precludes), and even if the trial court based its May 16, 2014 rendition of judgment on the amended petition that was filed two weeks later, service of the amended petition was not required as the relief sought therein was not more onerous than that sought in the original petition*……………………………………….....*13-14*

*i.*       *The maximum relief sought does not create a more onerous burden*…..*14*

*ii.*      *Amending the petition which has the effect of nonsuiting two co-Defendants does not create a more onerous burden*…………………….*15*

*iii.* *No new causes of action or new respondeat superior claims were added in the amended petition*………………………………………………………....15

*C.* *There was no requirement that the amended petition be served on Appellant, as it was not more onerous*…………………………………....17

*D.* *The judgment is not void because it was rendered before AAMCO's answer was due*……………………………………………………….. 18

**Conclusion** .......................................................................................... **19**

**Prayer** .................................................................................................. **20**

**Certificate of Service** ......................................................................... **21**

**Certification** ....................................................................................... **22**

**Certificate of Compliance** ................................................................. **22**

**Appendix**............................................................................................. **23**

# INDEX OF AUTHORITIES

**Cases**

*Alexander v. Lynda's Boutique*
      134 S.W.3d 845, 848 (Tex. 2004)……………………………………………………9

*Caprock Construction Co. v. Guaranteed Floorcovering, Inc*
      950 S.W.2d 203, 205 (Tex. App.-Dallas 1997, no writ)……………………...11, 19

*General Elec. Co. v. Falcon Ridge Apartments*
      811 S.W. 2d 942, 944 (Tex. 1991)…………………………………9, 12, 17, 19

*Harris v. Shoults*
      877 S.W.2d 854, 855 (Tex. App.- Fort Worth 1994, no writ)…………………...11

*In re Bland*
      960 S.W.2d 123, 124 (Tex. App.-Houston [1st Dist.] 1997, orig. proceeding)…..13

*Laas v. Williamson*
      156 S.W.3d 854, 857 (Tex. App.-Beaumont 2005, no pet.)………………..…..12

*McKernan v. Riverside National Bank, N.A.*
      858 S.W.2d 613 (Tex. App.-Fort Worth 1993)…………………………………..15

*Mushroom Sales v. Weenick*
      851 S.W.2d 346, 350 (Tex. App.-Dallas 1993, writ denied)..……………….........18

*Norman Commc'ns v. Tex. Eastman Co.*
      955 S.W.2D 269,270 (Tex 1997) (per curiam) (emphasis added)……………....9

*Palomin v. Zarskey Lumber Co.*
      26 S.W.3d 690, 694 (Tex. App.-Corpus Christi 2000, pet denied) *cf*….……11, 17

*Reese v. Piperi*
      534 S.W.2d 329, 330 (Tex.1976)…………………………………………………13

*Rose v. Rose*
      117 S.W.3d 84, 91 (Tex. App.-Waco 2003, no pet.) (citing *Palomin*)……….11, 17

*S&A Rest. Corp. v. Leal*
      892 S.W.2d 855, 857 (Tex.1995)…………………………………………………13

*Verret v. Verret*
      570 S.W.2d 138, 139-40 (Tex. App.-Houston [1st Dist.] 1978, no writ)..….…..…13

## STATEMENT OF THE CASE

*Nature of the Case:*      This was a personal injury case based on negligence, gross negligence, defamation, and intentional infliction of emotional distress caused by Appellee's employment by Appellant.

*Trial Court*:      The Honorable Michael Landrum, 113th Judicial District Court, Harris County, Texas

*Trial Court's Disposition*:   Default Judgment in favor of Plaintiff.

## RELEVANT PROCEDURAL BACKGROUND

On December 30, 2013, Appellee filed his original petition. (CR 3-10) Appellant was served with the Original Petition on January 12, 2014. (CR 14-16) Appellant's answer was due on February 3, 2014, but none was filed. Appellee moved for Default judgment on April 22, 2014 against Appellant only. (CR 17-33) A Final Judgment was rendered in favor of Appellee on May 16, 2014 in open Court. (Appendix "A", pg. 8) Appellee filed his amended petition on May 30, 2014. (CR 34-40) A judgment reciting the judgment rendered on May 16, 2014 was signed on June 9, 2014. (CR 42)

## ISSUES PRESENTED

1. Whether there is error on the face of the record regarding the default judgment granted in favor of Appellee.

2. Whether the trial court based his judgment on the amended petition or original petition.

3. Whether the First Amended Petition is included in the "face of the record" and properly before this Court.

4. Whether the First Amended Petition is more "onerous", thereby requiring service on Appellant.

## STATEMENT OF FACTS

**To the Honorable Justices of the First Court of Appeals:**

On December 30, 2013, Appellee filed his original petition. (CR 3-10) Appellant was served with the Original Petition on January 12, 2014. (CR 14-16) Appellant's answer was due on February 3, 2014, but none was filed. Appellee moved for Default judgment on April 22, 2014 against Appellant only. (CR 17-33) A Final Judgment was rendered in favor of Appellee on May 16, 2014 in open Court. (Appendix "A", pg. 8) Appellee filed his amended petition on May 30, 2014. (CR 34-40) A judgment (a ministerial act) reciting the judgment rendered on May 16, 2014 was signed on June 9, 2014. (CR 42)

## SUMMARY OF THE ARGUMENT

The case that forms the basis of this appeal is born out of a default judgment that was rendered during a May 16, 2014 default judgment hearing in open court. Appellee has never sought or received a judgment on facts or claims that the Appellant had not previously admitted to by failing to answer the properly served original petition. The amended petition contained no new claims or a more onerous burden than Appellant had been previously served within Appellee's original petition. Furthermore, the Appellee's amended petition, which was not filed until two weeks AFTER the judgment was rendered, is not a proper part of this restricted appeal as it is not on the face of the record.

Accordingly, because Appellant's restricted appeal rests solely on the amended petition, the appeal should be denied.

The restricted appeal should be denied for the following reasons:

1. The amended petition, on which Appellant bases this restricted appeal, was not before the trial court judge and thus could not have been the basis of judgment rendered on May 16, 2014.

2. The trial court's final judgment specifically states his judgment is based on the live pleading and evidence submitted at the May 16, 2014 hearing and not the May 30, 2014 amended petition. Thus, Appellant did admit liability on the claims on which the trial court entered a default judgment.

3. The amended petition that forms the sole and entire basis of Appellant's argument is not properly before the First Court of Appeals "Restricted Appeal" as it was not part of the face of the record on the date judgment was rendered, May 16, 2014.

4. The amended petition was not more onerous than the original petition that was properly served on Appellant as it sought the same amount of relief under the same causes of action in both. Furthermore, the non-suit of two co-Defendants, who were in the course and scope of their employment for the defaulting Defendant, was not more onerous.

5. Because the amended petition was not more onerous than the original petition that was properly served, service of the amended petition was not required.

6. There is no error on the face of the record.

**ARGUMENT**

*Standard of Review*

To prevail on a restricted appeal, an appellant must establish that: (1) it filed notice of the restricted appeal within six months after the judgement was signed; (2) it was a party to underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post judgement motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). A restricted appeal affords an appellant the same scope of review as an ordinary appeal, **with the exception that error must appear on the face of the record**. See *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2D 269,270 (Tex 1997) (per curiam) (emphasis added). The "face of the record" in a restricted appeal consists of the papers on file with the trial court when it rendered judgement. See *General Elec. Co. v. Falcon Ridge Apartments,* 811 S.W. 2d 942, 944 (Tex. 1991).

**ARGUMENT AND ANALYSIS**

I.      *There is no error on the face of the record regarding the trial court's granting of Appellee's motion for default judgment.*

A.      *The Final Judgment is proper because AAMCO admitted liability on the claims for which the trial court entered a default judgment.*

Appellant's first argument is based solely on presumptions that are not supported by the record, that being that the default judgment was based on liability admitted by

AAMCO in the amended petition. While Appellant argues that the final judgment is based on the amended petition, nothing could be further from the truth. As the Justices will see, the trial court rendered its judgment on May 16, 2014, two weeks prior to the amended petition being filed, thus Appellant's claim defies common sense. This in and of itself precludes the grant of appellate relief, because the amended petition had nothing to do with the default judgment.

A simple timeline of events reveal the problem with Appellant's assertion that the trial court relied on the amended petition to make its ruling. On May 16, 2014, the Court heard testimony from James Bova based on the original petition that was the live pleading at that time. (Appendix A) In that hearing on page 8 of the transcript, the trial court judge rendered judgment for actual damages in the amount of $210,000.00 and an additional punitive damage amount of $200,000.00. (App. A, pg. 8) This May 16, 2014 rendering was well before the amended petition was in front of the trial court judge, as it was not filed until May 30, 2014. (CR 34)

Furthermore, the trial court's judgment entered on June 9, 2014 was identical to his findings in open court. (App. A, pg. 8 and CR 42) So, it is not as if the trial court had changed its mind AFTER the amended petition was filed and altered the final judgment, rather it is clear that the judge had made up his mind and rendered judgment prior to the amended petition being filed. Clearly, the final judgment is NOT based on the amended petition. Thus, Appellant's assertion that the amended petition somehow unfairly prejudiced its rights is without support. Most importantly, the default judgment was

-10-

clearly based on the claims AAMCO had admitted liability on as of May 16, 2014, as that was the only pleading on file when judgment was rendered.

Appellant attempts to float the notion that the mere filing of an amended petition voids a subsequent default judgment by citing caselaw that is easily distinguished from the instant facts. More specifically, Appellant argues that Appellee's amended petition voids the judgment of the trial court. Not so. Again, a simple review of the timeline for this case reveals the problem with Appellant's argument.

Appellee notes for the Court that none of the cases cited by Appellant, (*Caprock Construction Co. v. Guaranteed Floorcovering, Inc.,* 950 S.W.2d 203, 205 (Tex. App.- Dallas 1997, no writ); *Harris v. Shoults*, 877 S.W.2d 854, 855 (Tex. App.- Fort Worth 1994, no writ); *cf. Palomin v. Zarskey Lumber Co.,* 26 S.W.3d 690, 694 (Tex. App.- Corpus Christi 2000, pet denied); *cf Rose v. Rose*, 117 S.W.3d 84, 91 (Tex. App.-Waco 2003, no pet.) (citing *Palomin*), have facts similar to the instant facts. That being that in the underlying case the trial court had rendered judgment BEFORE the amended petition was filed. The instant case is different than the aforementioned cases, wherein a default was secured on new findings or claims or causes of action found in an amended petition filed **prior to** the rendering of the default.

A thorough reading of Appellant's caselaw shows the law on which it relies, also assumes that the default judgments were improperly granted by courts that **based** their judgments on the amended petition. Appellant even states on page 7 of its brief that "In both *Harris* and *Caprock*, the Fort Worth and Dallas Courts of Appeals, respectively,

held that a Defendant must be served the live petition **<u>upon which the default judgment is based</u>**. *Id.* (emphasis added).

There is no analysis by Appellant in their brief regarding whether or not the trial court in the instant case "based" its default judgment on the amended petition. The reality is that the trial court could not have done so, as the final judgment was rendered two weeks prior to the amended petition being filed.

So, the mention of the requirement that the default judgment be "based" on the unserved amended petition by Appellant, but the void of any analysis of whether or not the trial court "based" its judgment on the amended petition is telling. Given the problem with proving this element, the failure of Appellant to address same is understandable.

i.      <u>The amended petition is not properly before this Court in this Restricted Appeal.</u>

The "face of the record" in a restricted appeal consists of the papers on file when the trial court **<u>rendered</u>** judgment. <u>See</u> *General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex. 1991). Documents on file at the time of the judgment determine the face of the record. *Laas v. Williamson*, 156 S.W.3d 854, 857 (Tex. App.-Beaumont 2005, no pet.) As this Court will see, the face of the record for this case are the papers on file on May 16, 2014 and not what was filed two weeks after the judgment was rendered. Thus, the amended petition on which Appellant bases all of its arguments is not properly before this Court. Appellee reminds the Court that the amended petition is the singular issue on which Appellant bases their restricted appeal, because there is no legal basis for Appellant's claim. Appellant's claim must be denied.

ii.   The trial court **rendered** its opinion on May 16, 2014 - not June 9, 2014 as Appellant misapprehends.

"Rendition" is a present act that resolves the issues on which a ruling is made. *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex.1976). A judgment is rendered when the court makes an official announcement-either **orally** in open court or by written memorandum filed with the clerk of its decision on the matter submitted for adjudication. *S&A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex.1995). When the trial judge makes an oral announcement of a judgment in open court, the act of signing the judgments is only a ministerial act. *In re Bland*, 960 S.W.2d 123, 124 (Tex. App.-Houston [1st Dist.] 1997, orig. proceeding).

The rendition of a judgment is the critical moment when the judgment becomes effective. See *Verret v. Verret*, 570 S.W.2d 138, 139-40 (Tex. App.-Houston [1st Dist.] 1978, no writ). Clearly, the Appellant has confused the act of rendering judgment and the ministerial act of signing a judgment. As has been clearly established, the amended petition was filed two weeks after the final judgment was rendered. (CR 42) The black letter of the law can be no clearer. Not only does common sense guided by a timeline of the procedural events show this Court that the trial court did not base its decision on the amended petition, the timeline of events also precludes the amended petition from even being considered by this Court, as it is not part of the "face of the record".

**B.   Even if the amended petition was allowed to be part of the record of this Restricted Appeal, (which caselaw precludes), and even if the trial court based its May 16, 2014 rendition of judgment on the amended petition that**

-13-

**was filed two weeks later, service of the amended petition was not required as the relief sought therein was not more onerous than that sought in the original petition.**

Appellant argues the judgment is invalid as the amended petition creates a more "onerous burden" on the Appellant and that the default is void as Appellant's answer was not yet due. This issue is easily disposed of based on the argument above in that the final judgment was rendered long before the supposedly more onerous burden had been placed on the Appellant. Accordingly, this "onerous burden" argument does not equal an error requiring this Court's intervention.

Nevertheless, the analysis of whether or not the amended petition is more onerous reveals an answer in the negative. In fact, the representations made by the Appellant on this issue to the Court in this regard are troubling.

i.     The maximum relief sought does not create a more onerous burden.

Appellant attempts to claim on page 13 of its brief that the amended petition doubled the maximum recovery sought from $1,000,000.00 to $2,000,000.00, creating a more onerous burden. Notwithstanding the fact that the award was for $410,000.00 (proving further that the judgment was not "based" on the amended petition), this claim is without any factual support as the maximum recovery sought in both petitions was $2,000,000.00. (CR 9 and 39) The only time $1,000,000.00 was mentioned by Appellee was while the evidence was presented at the default hearing, wherein Appellee's attorney asked Appellee if he was seeking $1,000,000.00. (App. A, pg. 17, ln. 12) In no way does this change the relief that was sought based on the pleadings, as both petitions sought

identical amounts. So, the fact that $2,000,000.00 was pled in both the amended petition and original petition, cannot create a more onerous burden. Appellee reminds the Court that the issue regarding determining whether a petition was more onerous is whether the amended petition is more onerous than the original the defendant was served with – not that the amended petition is more onerous than a Plaintiff's testimony at a default hearing.

ii.     <u>Amending the petition which has the effect of nonsuiting two co-Defendants does not create a more onerous burden.</u>

The Appellant also argues on page 12 of its brief that by filing the amended petition without two previously named defendants, a more onerous burden was created. This argument is also without support.

When a Plaintiff originally seeks judgment against several Defendants based upon joint and several liability, a judgment sought against one was not more onerous after the nonsuit than before the nonsuit. <u>See</u> *McKernan v. Riverside National Bank, N.A.,* 858 S.W.2d 613 (Tex. App.-Fort Worth 1993). This case addresses and overrules Appellant's argument at the bottom of page 12 of its brief where it states "…the First Amended Petition seeks a more "onerous judgment" against AAMCO by dismissing AAMCO's jointly liable co-Defendants…" Accordingly, the amended petition non-suiting two of Appellant's co-Defendants, who were in the course and scope of their employment with AAMCO, does not create a more onerous burden.

iii.    <u>No new causes of action or new respondeat superior claims were added in the amended petition.</u>

Not only does caselaw hold that nonsuiting a co-Defendant does not create a more onerous burden, the claims against Appellant in Appellee's original petition were that Appellee was vicariously liable due to their negligence regarding those they hired to supervise Appellee. Because respondeat superior was always the crux of Appellee's claims and Appellant's liability has always been centered on their negligent conduct in the way they managed their supervisors (Johnson and Clark), the default judgment was based on admissions Appellant made regarding their liability stemming from the original petition – not the amended petition. Regardless, the claims of Mr. Bova in both petitions were that Appellant was liable for Appellee's injuries as Mike Johnson and Brandon Clark were employees of Appellant, working in the course and scope of their employment at the time of the bad acts. In fact, several excerpts from Appellee's original petition and amended petition are identical and are as follows:

> *4.3* *The next day* ***Defendant Johnson, acting in the course and scope of his employment****, filed a police report claiming that Plaintiff had stolen and used a company credit card and that Plaintiff had stolen an automotive lift and sold it.*

> *4.4* *Despite Plaintiff advising Defendant Johnson via email that he had not used the company credit card and that he was going to destroy it Johnson in concert with Defendant Clark acting* ***in the course and scope of their employment*** *filed a felony theft police report against Plaintiff. Additionally, both Defendants* ***again acting in the course and scope of their employment*** *told the employees and customers at the Aamco location on Chimney Rock that Plaintiff was a thief and that they had filed felony charges against him.* (CR 4-5 and 35)

Clearly, respondeat superior was a claim "in play" based on Appellee's original petition, which Appellant was served with over four months prior to the default being granted. Furthermore, there were no new causes of actions pled in the amended petition,

as the causes of action pled in both petitions were ONLY requests for relief under the theories of intentional infliction of emotional distress, negligence, gross negligence, and defamation. Thus, the caselaw cited by Appellant where a restricted appeal was granted because new causes of action were pled is a red herring and inapplicable here.

So, while Appellant argues the amended petition was more onerous – it was not. It did not plead a maximum recovery that was greater than what had been originally pled. The amended petition did not add a new cause of action under respondeat superior as Appellant has represented. For these reasons, plus the fact that the amended petition was not in front of the trial court at the time judgment was rendered as is required by *General Electric,* the amended petition is not more onerous as a matter of law.

**C.     There was no requirement that the amended petition be served on Appellant, as it was not more onerous.**

As is well settled, service of an amended petition is only required to be served on the Defendant for the purposes of a default judgment where the live pleading contains a more onerous judgment. *Palomin*, 26 S.W.3d at 694; *Rose* 117 S.W.3d at 91. As is set forth above, the amended petition did not seek an amount of money greater than that sought in the original petition and in fact, the amount sought was identical. This is true, save and except for two less Defendants. As discussed above, their dismissal did not create a more onerous burden on Appellant than had already been established by the trial court's May 16, 2014 hearing and it's rendering of a final judgment. Because the

amended petition was not more onerous, service of the petition (filed after the judgment was rendered) was not required.

**D.    The judgment is not void because it was rendered before AAMCO's answer was due.**

Again, Appellant misapprehends the distinction between the judgment being rendered and the judgment being signed. The Appellant relies on caselaw that is easily distinguished.  The Plaintiff in *Mushroom Sales v. Weenick*, 851 S.W.2d 346, 350 (Tex. App.-Dallas 1993, writ denied) added more causes of action prior to its default judgment. First, there were no new causes of action plead here as Bova only requested relief under intentional infliction of emotional distress, negligence, gross negligence, defamation in both petitions. Nothing more or less was sought in the amended petition. An even more important distinction is that the amended petition in the instant case was filed AFTER the default hearing was held and judgment rendered. This was not the case in *Mushroom Sales.*

The default judgment was rendered only on the original petition to which AAMCO admitted liability. To claim otherwise is not based on the facts or law, but on trying to create an issue not supported by the record. As recited in the relevant procedural background, Appellant's answer to Appellee's original petition was due on February 3, 2014. The trial court rendered judgment on this matter on May 16, 2014 – two weeks before the amended petition was filed. No judgment was sought against Appellant after

this amended petition was filed nor was the default judgment based on the amended petition.

## CONCLUSION

In summary, the failure of Appellant to appreciate the definition of "rendering" a judgment is fatal to its appeal and the black letter law can be no clearer. "The face of the record" in a restricted appeal consists of the papers on file when the trial court rendered judgment." As stated in *General Elec. Co.* at 911. The amended petition which Appellant relies solely on is not a part of the record in this matter as it was filed two weeks after judgment was rendered. Thus, the sole reliance on the amended petition as justifying a reversal of the trial court's final judgment fails.

While the judgment was **signed** on June 9, 2014, there is no question that judgment was **rendered** on May 16, 2014 in open court. On that day, the trial court rendered judgment in favor of Plaintiff for $410,000.00. The language written in the June 9, 2014 judgment recites that the judgment was the result of a May 16, 2014 hearing. On May 16, 2014, the face of the record consisted of Appellee's original petition **only**. Clearly, the amended petition (that had not yet been filed) was not the **basis** of the trial court's judgment as was a factor in *Caprock*. So, not only is the amended petition not properly before this Court in this Restricted Appeal, it was clearly not the basis of the trial court's judgment that was rendered two weeks before it was filed. For these reasons alone, Appellant's appeal should be denied.

Furthermore, the amended petition, if made a part of the record, is not more onerous as is the requirement in order to compel a Plaintiff to re-serve the petition. Even

-19-

if the trial court did have the ability to look into the future to see what Appellee would be filing in two weeks and render judgment accordingly, there is no evidence that the amended petition was more onerous on its face. The amended petition did not increase the maximum recovery sought, as the maximum relief sought in both petitions was $2,000,000.00. Appellee's pleadings did not contain different causes of action, as both petitions contained the causes of action of intentional infliction of emotional distress, negligence, gross negligence, and defamation. The amended petition did not add claims for respondeat superior or other causes of action. In fact, the only difference that Appellant can point out as a difference between the original petition and amended petition, is that Appellee used the magic words regarding Appellant's co-Defendants being "within the course and scope" four times instead of three times. The fact that Appellee pled course and scope at least once in Appellee's original petition puts the issue in play and thereby did not create a more onerous burden on Appellant. Is this Court to believe that Appellant had no idea Appellee was claiming the co-Defendants were within the course and scope because the claim was only made three times in the original petition versus four times in the amended petition? There was no question in either petition that the claims against Appellant were based on AAMCO's inability to properly manage the leadership team. Since the amended petition is not more onerous, Appellant's protestations on this issue are without merit.

## **PRAYER**

For these reasons, Appellee asks this Court to deny this appeal and to affirm the trial court's judgment.

Respectfully submitted:

MESTEMAKER, STRAUB & ZUMWALT

*/s/ David K. Mestemaker*

By:_____
    David K. Mestemaker
    dkm@msandz.com
    TBN 13974600
    FBN 14410
    3100 Timmons Lane, Suite 455
    Houston, Texas 77027
    (713) 626-8900 Telephone
    (713) 626-8910 Telecopier

ATTORNEY FOR APPELLEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on:

L. Bradley Hancock
hancockl@gtlaw.com
Matthew L. Simmons
simmonsm@gtlaw.com
Greenberg Traurig, LLP
1000 Louisiana, Suite 1700
Houston, Texas 77002

In compliance with Rule 9.5 of the Texas Rules of Appellate Procedure, on this 29th day of May, 2015.

*/s/ David K. Mestemaker*
_____
David K. Mestemaker

## CERTIFICATION

I hereby certify that I have reviewed this responsive document and have concluded that every factual statement in same is supported by competent evidence included in the appendix or record.

*/s/ David K. Mestemaker*

_____

David K. Mestemaker

## CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to the word count functionality included in Microsoft Office Home and Business 2013, the responsive document contains 3,710 words, excluding the caption, the identity of parties and counsel, the table of contents, the index of authorities, the statement of the case, relevant procedural background, the issues presented, the statement of facts, the prayer, the signature, the certificate of service, the certification, the certificate of compliance, and the appendix.

*/s/ David K. Mestemaker*

_____

David K. Mestemaker

**APPENDIX**

Please refer to the reporter's record previously filed with Appellant's brief. If required by the Court, Appellee will provide an additional copy immediately upon request.