# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00849-CV

---

**Michael De La Garza, Appellant**

**v.**

**Kyle Dunn d/b/a Texas Seceding Land and Capital, LLC, Appellee**

---

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-000319, HONORABLE JAMES LEE CARROLL, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Michael De La Garza appeals a no-answer default judgment of $270,717.56 rendered against him in a breach-of-contract and fraud suit filed by Kyle Dunn d/b/a Texas Seceding Land and Capital, LLC (collectively, Dunn) for nonpayment of a $75,000 promissory note. De La Garza contends that the district court erred by entering the default judgment because citation was not served precisely as directed in the order permitting substituted service of Dunn's amended petition and that the $150,000 exemplary-damages award is not supported by sufficient evidence and is not constitutionally permissible.[1] We will reverse the default judgment and remand this cause to the district court.

---

[1] In his reply brief, De La Garza abandoned his issue as to the award of attorney's fees.

## BACKGROUND

Michael De La Garza executed a $75,000 promissory note on October 18, 2019, to Texas Seceding Land and Capital, which Kyle Dunn signed as a lender. De La Garza's note specified that it was in exchange for Dunn's promise to forgo enforcement of a $60,000 promissory note for a loan that Dunn made in 2018 to De La Garza's brother, Wayne[2]:

> This note supersedes, extinguish[es,] release[s,] and cancel[s] a note dated [the] 27th day of February 2018; by [and] between Wayne De La Garza and Texas Seceding Land and Capital. Michael De La Garza['s] note is hereby cancel[ed] and release[d] except if there is a default of this note by Michael De La Garza. In [the] event of default the rate dated the 27th day [of] February 2018, is well [sic] therefor[e] become enforceable.

Dunn sued De La Garza for breach of contract on January 16, 2019, alleging nonpayment.[3] De La Garza was served with Dunn's original petition after Dunn obtained an order for substituted service under Texas Rule of Civil Procedure 106(b). The process server's affidavit identified the person to be served as "Michael De La Garza, 825 Main Street, Suite 100, Buda, Hays County, TX 78610." The process server averred that he delivered the citation, original petition, and order granting substituted service to "Robert Carlson as Employee at Address, a person employed therein and authorized to accept service for Michael De La Garza at the address of: 825 Main Street, Suite 100, Buda, Hays County, TX 78610, the within named person's usual place of Work."

---

[2] We distinguish between the brothers, who share the same last name, by referring to Wayne De La Garza using only his first name.

[3] The next month, Dunn filed a separate lawsuit styled *Kyle Dunn v. Modela Investments, Inc. and Wayne De La Garza*, No. D-1-GN-19-000892 in the 98th District Court of Travis County.

On March 21, 2019, Dunn filed his first amended petition. The first amended petition was the live pleading on the date of the default judgment. It added a claim for fraud and alleged that De La Garza signed the note with no intention of paying it. Further, this pleading alleged that De La Garza "is an individual who may be served at 825 *South* Main, Suite 100, Buda, Texas 78610." (Emphasis added.) The district clerk's citation listed the same address.

After the process server made four unsuccessful attempts at service, Dunn filed a motion for substituted service of process under Rule 106(b). The motion requested that the district court authorize service by leaving a copy of the citation, attached to a copy of the first amended petition, with anyone over the age of sixteen at De La Garza's "usual place of business as specified in the [process server's] Affidavit." The motion alleged that through his efforts, the process server established that "825 Main Street, Suite 100, Buda, Texas is in fact the usual place of business of the Defendant [De La Garza]."

The process server's affidavit filed in support of the substituted-service motion stated that he attempted to personally deliver the citation and amended petition to De La Garza

> at his/her **Abode**, being 825 South Main, Suite 100, Buda, Hays County, TX 78610 which was established personally in my efforts. This location is [De La Garza]'s usual place of business or usual place of abode or other place where the defendant can probably be found. The address for service 825 South Main, Suite 100, Buda, Hays County, TX 78610, is the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found.

(Emphasis in original.) The process server then summarized his four attempts at service:

> 4/5/2019  11:00 a.m.  Attempted service at 825 South Main, Suite 100, Buda, TX 78610, told he was in and then I was told that he has an attorney of record and we should deliver to him. I was not given access to the subject. I left my contact information.

3

4/9/2019 1:45 p.m. Attempted service at 825 South Main, Suite 100, Buda, TX 78610, no answer—the door is locked.

4/16/2019 3:40 p.m. Attempted service at 825 South Main, Suite 100, Buda, TX 78610, no answer—the door is locked.

4/23/2019 4:00 pm Attempted service at 825 South Main, Suite 100, Buda, TX 78610, no answer. The door is locked and there are no lights on. Substitute service is recommended.

The district court signed an order June 10, 2019, granting Dunn's motion for substituted service:

On this day, the Court considered Plaintiff's Motion for Rule 106(b) Substituted Service (the "Motion"). The Court, having considered the Motion and supporting affidavit, is of the opinion that the Motion should be granted.

It is therefore ORDERED that Plaintiff's Motion for Rule 106(b) Substituted Service is GRANTED.

It is FURTHER ORDERED that citation for Defendant Michael De La Garza shall be served by delivery to anyone over the age of sixteen years at Defendant's usual place of business located at 825 Main Street, Suite 100, Buda, Texas 78610.

The "usual place of business" address in the substituted-service order omits "South." Afterward, the process server filed an affidavit on return of substituted service stating that on June 18, 2019, at 2:45p.m., he:

SUBSTITUTE served by delivering a true copy of the Order Granting Petitioner's Motion for Rule 106(b) Substituted Service, Citation and Plaintiff's First Amended Original Petition with Exhibits A and B with the date and hour of service endorsed thereon by me, to: Robert Carlson, as Office Manager, a person employed therein and authorized to accept service for Michael De La Garza at the address of: 825 *South* Main [Street], Suite 100, Buda, Hays County, TX 78610, the within named person's usual place of *Abode*, in compliance with State Statutes.

4

(Emphases added and omission noted.)

Because De La Garza did not file an answer or otherwise enter an appearance, Dunn filed a motion for default judgment on July 24, 2019. Dunn requested actual damages of $75,000; exemplary damages of $150,000 for fraud; prejudgment interest of $2,135.96; and post-judgment interest. Additionally, Dunn requested incurred attorneys' fees and court costs plus attorneys' fees to enforce the final judgment and defend any appeals. Dunn's motion for default judgment stated that De La Garza's last known address was: "825 South Main, Suite 100, Buda, Texas 78610."

In summary, the record before the district court when it heard the motion for default judgment showed that Dunn's amended petition, the district clerk's citation, the process server's affidavit on return of substituted service, and the motion for default judgment identified De La Garza's address as "825 *South* Main, Suite 100, Buda, Hays County, TX 78610." Additionally, the process server's return stated that this address was De La Garza's usual place of *abode*. By contrast, Dunn's motion for substituted service and the district court's order authorizing substituted service identified De La Garza's address as "825 Main Street, Suite 100, Buda, Texas 78610." The address listed in the substituted-service motion and the district court's order omitted "South," included "Street," and both documents stated that the address was De La Garza's usual place of *business*.

On August 14, 2019, the district court signed an order granting default judgment on Dunn's "claims of breach of contract and fraud as to liability only."[4] The district court

---

[4] Because of the central-docket system in Travis County, different judges signed the default judgment on liability, the final default judgment, and the order denying the motion for new trial.

reserved the ruling on damages. Notice of the default judgment was mailed to De La Garza at "825 South Main Suite 100 Buda, TX 78610."

The district court heard Dunn's claims for damages at an evidentiary hearing on his motion for entry of default judgment. Dunn testified at the hearing, but De La Garza was not present. The district court took judicial notice of its file and admitted into evidence all the exhibits attached to Dunn's motion for entry. Also admitted were the notice of hearing and proof of service to De La Garza. Dunn's counsel stated that De La Garza "was served at the same business location where the Court has twice previously allowed us to do substituted service of process."[5] Additionally, the district court admitted evidence of De La Garza's $75,000 promissory note to Dunn; the citation and return; a certificate of last known address for De La Garza, listed as: "825 Main Street, Suite 100 Buda, Texas 78610"; a copy of the court order authorizing substituted service of Dunn's amended petition; and an affidavit from Dunn's counsel stating that he complied with the Servicemembers Civil Relief Act and confirmed that De La Garza was not on active military duty by consulting a website for the Department of Defense Manpower Data Center.

The district court signed a final default judgment against De La Garza on August 27, 2019. As to service, the default judgment recited:

> On June 10, 2019, the Citation and Plaintiff's First Amended Original Petition was served on Defendant in accordance with the court's order permitting substitute service of process. The Court finds that on June 18, 2019, a copy of the Citation and Plaintiff's First Amended Original Petition was delivered to an employee authorized to accept service for Defendant. The Court finds that Defendant has been duly served with process and has not appeared.

---

[5] The certificate of service for the notice of this hearing lists two addresses for De La Garza: "825 South Main, Suite 100 Buda, Texas 78610" and "320 Linden Loop Driftwood, Texas 78619."

De La Garza filed a motion for new trial and an answer on September 26, 2019. His motion for new trial contended that service was defective because the return of service stated that the lawsuit was served at De La Garza's abode at 825 South Main, but the order for substituted service authorized service at De La Garza's business at 825 Main St. De La Garza stated that he "was never served with citation in this case and was not even aware of the existence of this case until the end of August 2019, when he was told that someone had just taken a Default Judgment against him." By way of defense to the allegations in Dunn's amended petition, De La Garza contended that there was no consideration for execution of the $75,000 promissory note; that the note was usurious; that Kyle Dunn was not listed as the payee; and that no evidence supported the exemplary-damage award. Dunn filed a response opposing De La Garza's motion for new trial.

On October 29, 2019, two months after the district court signed the final default judgment, the process server filed an amended affidavit of service. In it, the process server stated that the substituted service made on June 18, 2019, was at De La Garza's usual place of "Work" (not De La Garza's "Abode" as previously averred). The district court signed an order on November 12, 2019, denying the motion for new trial.[6] This appeal followed.

## DISCUSSION

### Substituted Service Under Rule 106(b)

In his first issue, De La Garza contends that that the district court erred by entering the default judgment because citation was not served precisely as directed in the order for substituted service of Dunn's amended petition. Specifically, he contends that a default

---

[6] The same day, the district court sent an email to the parties outlining the reasons for its ruling.

judgment may not be taken against a defendant who is not served with the lawsuit at the address ordered by the court and that Dunn had the opportunity to correct the mistaken address before entry of the default judgment but failed to do so.

The record must affirmatively demonstrate that the trial court has jurisdiction over the subject matter and the parties to support a default judgment against a defendant. *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (citing *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1968)). When the default judgment is entered, if the record fails to affirmatively show an appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver, the trial court does not have in personam jurisdiction to enter the default judgment against the defendant. *Id.* Moreover, the Texas Supreme Court has ruled that even if a defendant receives suit papers and knows a suit is pending, actual notice—without proper service—is insufficient to convey jurisdiction on the court to render default judgment against the defendant. *See Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Marrot Commc'ns*, 227 S.W.3d at 376. "A claim of a defect in service of process challenges the trial court's personal jurisdiction over the defendant." *Livanos v. Livanos*, 333 S.W.3d 868, 874 (Tex. App.—Houston [1st Dist.] 2010, no pet.). "We review de novo whether a trial court has personal jurisdiction." *Creaven v. Creaven*, 551 S.W.3d 865, 870 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

"[A] no-answer default judgment cannot stand when the defendant 'was not served in strict compliance with applicable requirements.'" *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) (quoting *Wilson*, 800 S.W.2d at 836). Further, "because no-answer default judgments are disfavored . . . and because trial courts lack jurisdiction over a defendant who was not properly served with process," the Texas Supreme Court has "construed 'strict compliance'

8

to mean just that." *Id.* (internal citations omitted). No presumptions are indulged in favor of valid issuance, service, or return of citation. *Id.* Service of process that fails to strictly comply with the rules' requirements is invalid and has no effect. *Id.* at 317.

Texas courts distinguish between discrepancies that may invalidate substitute service and those that are mere "minutest details." *Id.* (citing *Cuetara v. DSCH Capital Partners*, LLC, No. 03-16-00078-CV, 2016 Tex. App. LEXIS 7449, at *4 (Tex. App.—Austin July 14, 2016, no pet.) (mem. op.) (rejecting contention that return of service deviated from order directing substituted service because return did not specify that service occurred at "front office" of defendant's usual place of business)). "Discrepancies in addresses may be mere details when the order authorizes substitute service wherever the defendant could be found or when the defendant is indisputably personally served." *Id.* But otherwise, it is well established that "discrepancies in the defendant's name or address prevent any implication or presumption of proper substitute service." *Id.* "Such deviances are certainly not trivial when the trial court has authorized substitute service" under Rule 106. *Id.*

When the district court signed its substituted-service order in this case, Texas Rule of Civil Procedure 106(b) provided:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either [Rule 106](a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b).[7] "When a trial court orders substituted service pursuant to rule 106, the only authority for the substituted service is the order itself." *Spanton*, 612 S.W.3d at 317-18 (quoting *Dolly v. Aethos Commc'ns Sys.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.)); *see* Tex. R. Civ. P. 107(f) ("Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court."). "Virtually any deviation will be sufficient to set aside a default judgment on appeal." *Farrow v. Gamma Medica, Inc.*, No. 03-16-00747-CV, 2017 Tex. App. LEXIS 7426, at *3 (Tex. App.—Austin Aug. 8, 2017, no pet.) (mem. op.) (citing *Becker v. Russell*, 765 S.W.2d 899, 900 (Tex. App.—Austin 1989, no writ)); *see Creaven*, 551 S.W.3d at 870 (noting that "any deviation from the trial court's order necessitates a reversal of the default judgment based on service").

Here, the district court's order authorized substituted service at 825 "Main Street," Suite 100 in Buda, Texas 78610, but the process server's return stated that service was executed at 825 "South Main," Suite 100 in Buda, Texas 78610. Thus, the substituted service did not strictly comply with the district court's order. *See Spanton*, 612 S.W.3d at 318 (citing *Broussard v. Davila*, 352 S.W.2d 753, 754 (Tex. App.—San Antonio 1961, no writ) ("If the manner prescribed is not followed, then service is accomplished in a manner not authorized by the judge . . . .")).

---

[7] Rule 106(b)(2) was amended effective December 31, 2020, to clarify that a court may, in proper circumstances, permit service of citation electronically by social media, email, or other technology. *See Final Approval of Amendments to Texas Rules of Civil Procedure 106 and 108*, Misc. Docket No. 20-9148 (Tex. Dec. 18, 2020); *Order Amending Texas Rules of Civil Procedure 106 and 108*, Misc. Docket No. 20-9103 (Tex. Mar. 13, 2020); Tex. R. Civ. P. 106 cmt. (citing section 17.033 of Texas Civil Practice and Remedies Code requiring rules to provide for substituted service of citation by social media). We cite to the version of Rule 106 in effect when substituted service was ordered in this case.

Dunn contends that De La Garza received substitute service because the process server served "Robert Carlson, as Office Manager, a person employed therein and authorized to accept service for Michael De La Garza at the address of: 825 South Main, Suite 100, Buda, Hays County, TX 78610" and "thus [De La Garza] *was* aware of the lawsuit." However, as we have noted, actual notice of a lawsuit will not cure a defect in substituted service. *See Wilson*, 800 S.W.2d at 836, 837 (noting that defendant's admission of receipt of suit papers "admitted receipt, not service"); *Marrot Commc'ns, Inc.*, 227 S.W.3d at 376. Further, service on Carlson does not show that De La Garza was "indisputably personally served" with the amended petition such that a discrepancy between the addresses in the district court's order and the process server's return might be considered "mere details." *See Spanton*, 612 S.W.3d at 316; *see also Brown Consulting & Assocs. v. Smith*, No. 05-12-00543-CV, 2013 Tex. App. LEXIS 6498, at *8 (Tex. App.—Dallas May 28, 2013, no pet.) (mem. op.) (noting that process server who stated that he served defendant's "registered agent" did not aver that particular address was "place where the registered agent could probably be found"); *Smith v. Smith*, 241 S.W.3d 904, 908 (Tex. App.—Beaumont 2007, no pet.) (noting that where defendant's motion for new trial challenged claimant's compliance with service rules, no presumption arose that defendant had authorized his putative agent to accept service of claimant's amended pleadings); *cf. Brown v. Magnetic Media, Inc.*, 795 S.W.2d 41, 42 (Tex. App.—Houston [1st Dist.] 1990, no writ) (noting that court's order authorized substituted service on Brown's receptionist, "Kim Sanders," at address of Brown's usual place of business and that returned citations recited that receptionist was served).

Next, Dunn contends that the district court "was permitted to take judicial notice of the fact that '825 Main Street' and '825 South Main' describe the same place. *See* Tex. R.

11

Evid. 201(b) (providing that court may judicially notice fact that is not subject to reasonable dispute because it is generally known within trial court's territorial jurisdiction, or it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned). In an appendix to his brief, Dunn for the first time provides copies of online maps to support his judicial-notice contention. However, none of the maps indicate where "825" is located on either "Main Street" or "South Main."[8] Thus, Dunn has not shown that there is no reasonable dispute "825 Main Street" and "825 South Main" describe the same location in Buda such that it is a proper matter for judicial notice. *See Spanton*, 612 S.W.3d at 318 (noting that "[w]hile one might reasonably presume or believe" that *Heathers* Hill Drive and Heather *Hills* Drive are the same street, "we cannot entertain such presumptions or beliefs to uphold a default judgment based on substitute service").

Alternatively, Dunn contends that even if the substituted service of his amended petition was defective, De La Garza "waived argument as to the validity of the issuance, service, and return of the original petition" by failing to brief any issue regarding the original petition. Building on that contention, Dunn states, "It is therefore undisputed that the trial court had personal jurisdiction to enter a default judgment against [De La Garza] based on Dunn's claims in the original petition" for breach of contract. Dunn cites no authority—aside from those addressing inadequate briefing generally—for that proposition.

"An amended pleading supplants earlier pleadings, and the supplanted pleading is no longer part of the pleading in the cause." *Bennett v. Wood Cnty*., 200 S.W.3d 239, 241 (Tex. App.—Tyler 2006, no pet.); *see* Tex. R. Civ. P. 65. The Texas Supreme Court has stated that

---

[8] De La Garza notes that "directional prefixes matter" and points out that "the Texas State Capitol is located at 1100 Congress Avenue," while "1100 *South* Congress Avenue" is located "across the river, a few doors down from the Continental Club."

12

"[i]n order for a default judgment to stand, a nonanswering party must be served with a more onerous amended petition under [Texas Rule of Civil Procedure] Rule 21a." *In re E.A.*, 287 S.W.3d 1, 6 (Tex. 2009). A "more onerous" petition is one that exposes the defendant to additional liability. *See Bennett*, 200 S.W.3d 239 at 241; *see also Pride v. Williams*, No. 05-11-01189-CV, 2013 Tex. App. LEXIS 8834, at *6 (Tex. App.—Dallas July 17, 2013, no pet.) (mem. op.).

Here, when the district court signed the final default judgment, Dunn's live pleading was his amended petition. The original petition that De La Garza had previously failed to answer was superseded by Dunn's amended petition and did not continue exposing De La Garza to liability under the claims in that initial pleading. *See Caprock Constr. Co. v. Guaranteed Floorcovering*, 950 S.W.2d 203, 205 (Tex. App.—Dallas 1997, no writ) (reversing default judgment and noting that "[b]ecause the original petition was not a live pleading at the time of service, it failed to expose [defendant] to liability for the claims in that petition" and "[f]urther, because [claimants] did not have [defendant] served with the amended petition, [defendant] did not admit anything by failing to answer"); *Harris v. Shoults*, 877 S.W.2d 854, 855 (Tex. App.—Fort Worth 1994, no writ) (rejecting claimant's contention that he was entitled to default judgment on property-damage claim alleged in original petition after failing to serve defendant with amended petition adding personal-injury claim); *see also Avis Rent a Car Sys., L.L.C. v. Dalferes*, No. 04-11-00767-CV, 2012 Tex. App. LEXIS 5749, at *5 (Tex. App.—San Antonio July 18, 2012, no pet.) (mem. op.) (rejecting claimant's contention that interlocutory default judgment could be affirmed only as to her breach-of-contract claim—where no error appeared on face of record as to that claim—and noting that her interlocutory judgment had merged into final judgment). We are not persuaded that, after the substituted service of his

13

amended petition (adding the fraud and exemplary damages claims) failed, Dunn may now recover damages in a default judgment reviving the breach-of-contract claim pled in his original petition.

On this record, we conclude that the substitute service executed on June 18, 2019, did not strictly comply with the district court's order permitting such service and, accordingly, the default judgment cannot stand. *See Spanton*, 612 S.W.3d at 318; *Wilson*, 800 S.W.2d at 838. We sustain De La Garza's first issue, reverse the August 27, 2019 "Final Judgment by Default Against Michael De La Garza," and remand this cause to the district court for further proceedings.[9]

## CONCLUSION

We reverse the August 27, 2019 "Final Judgment by Default Against Michael De La Garza" and remand this cause to the district court for further proceedings.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Baker and Triana

Reversed and Remanded

Filed: March 31, 2021

---

[9] Because we have sustained De La Garza's first issue, we need not reach his remaining ones challenging the $150,000 award of exemplary damages in the final default judgment. *See* Tex. R. App. P. 47.1.